**Sara MORAN, Appellant,**

v.

**BOARD OF SCHOOL TRUSTEES OF the MT. PLEASANT TOWNSHIP COMMUNITY SCHOOLS, DELAWARE COUNTY, Indiana, Appellee.**

**No. 2–585A147.**

Court of Appeals of Indiana, Second District.

Dec. 17, 1986.

Rehearing Denied Feb. 9, 1987.

Richard J. Darko, Beth H. Henkel, Tabbert & Capehart, Indianapolis, for appellant.

Raymond A. Brassart, Brassart Law Offices, Muncie, for appellee.

SHIELDS, Judge.

Sara Moran appeals a judgment in favor of the Board of School Trustees of Mt. Pleasant Township Community Schools, Delaware County, Indiana (Board).

Moran filed a complaint seeking reinstatement and back pay on the grounds the Board's decision to cancel her contract violated Ind.Code Ann. § 20–6.1–4–14(b)(2) (Burns 1985) because the school principal did not provide her with his personal written evaluation prior to January 1, 1983.[1]

---

1. Ind.Code Ann. § 20–6.1–4–14 (Burns Repl. 1985) reads:

"(a) Each contract entered into by a nonpermanent teacher and a school corporation continues in force on the same terms and for the same wages, unless increased by IC 20–6.1–5–1, the teachers' minimum salary law, for the next school term following the date of termination set in the contract. However, the contract does not continue if:

(1) On or before May 1, the school corporation notifies the teacher that the contract will not continue for the next school term; this notification must be:

(A) Written; and

(B) Delivered in person, or mailed by registered or certified mail to the teacher at his last and recognized address;

(2) The teacher delivers or mails by registered or certified mail to the school corporation his written resignation; or

(3) The contract is replaced by another contract between the parties.

(b) A teacher who is refused continuation of the contract under subsection (a) of this section has the following rights:

(1) Upon the request of the teacher, and within fifteen [15] days of the receipt of the notice of contract non-renewal the governing body or the superintendent of the school corporation shall provide the teacher with a written statement which may be developed in an executive session and which is not a public document, giving the reasons for the non-continuation of the teacher's contract.

(2) The principal of the school at which the teacher teaches, shall provide the teacher with an annual written evaluation of the teacher's performance before January 1, of each year. Upon the request of a nonpermanent teacher, delivered in writing, to the principal within thirty [30] days after the teacher receives the evaluation required by this section, the principal shall provide the teacher with an additional written evaluation.

(c) A conference shall be held with the governing body, or at its direction with the superintendent or his designee, not more than ten [10] days following the day the governing body receives the request. If the first conference is not with the governing body, a second conference shall be held with the governing body not more than twenty [20] days following the day the governing body receives the request for a second conference, or before the end of the school year, whichever is earlier. The governing body may, in addition to a conference, require that the superintendent or his designee and the teacher summarize in writing the position of each with respect to the continuation of the contract. At any conference, the governing body may, in addition to a conference, require that the superintendent or his designee and the teacher summarize in writing the position of each with respect to the continuation of the contract. At any conference, the governing body, the superintendent or his designee may provide any information supporting noncontinuance, and the teacher may provide any infor-

She appeals the trial court's adverse judgment.

On appeal, Moran raises two issues, which we state as follows:

1) Whether the trial court erred in concluding she had no right to reinstatement; and

2) Whether she is entitled to any other relief.

We affirm.

### FACTS

Moran, a non-permanent[2] teacher at Yorktown High School for the 1982–83 school year, received her assistant principal's written evaluation of her performance on January 12, 1983. On April 20, 1983 the Board notified Moran it was not renewing her contract.

### DISCUSSION

Moran's argument is as follows. As an administrative body, a school board must follow a statutorily mandated method of exercising its statutory powers and duties. Necessarily, then, the Board must strictly adhere to all statutory conditions precedent to exercising its power to discharge an employee; otherwise, its act is invalid.

Subsection (b)(2) is a statutory condition precedent to the Board's exercise of its power to terminate a nonpermanent teacher's contract because the provision contains the mandatory language "shall". The Board failed to strictly adhere to subsection (b)(2). Therefore, the Board's nonrenewal of Moran's contract is ineffective and she is entitled to reinstatement.

■ While we agree with many of Moran's tenets,[3] we nevertheless find her argument unavailing because it rests upon an erroneous assumption.

■ Moran's argument assumes subsection (b)(2) is a condition precedent to the exercise of the Board's right to terminate her contract. However, the plain reading of I.C. § 20–6.1–4–14 leads to the opposite conclusion.[4] Subsection (a), and not subsection (b)(2), specifically addresses the duration and method of termination of a nonpermanent teacher's contract. Subsection (a) provides a nonpermanent teacher's contract:

"continues in force ... for the next school term.... However, the contract does not continue if

(1) On or before May 1, the school corporation notifies the teacher that the

---

mation demonstrating that noncontinuance of the contract is improper. The conference with the governing body shall be in executive session unless the teacher requests a public conference. The teacher may have a representative at any conference. The time periods set out in this subsection shall be extended for a reasonable period when a teacher or school official is ill or absent from the school corporation or for other reasonable cause. The governing body shall affirm or reverse its position on continuation of the teacher's contract not more than ten [10] days after the conference.

(d) The governing body of a school corporation may decide not to continue a teacher's contract under this section: (1) for any reason considered relevant to the school corporation's interest; or (2) because of a teacher's inability to perform his teaching duties."

**2.** A nonpermanent teacher is one who has received two or less successive one-year regular teaching contracts. *See* Ind.Code Ann. §§ 20–6.-1–4–9 and 20–6.1–4–9.5 (Burns 1985).

**3.** Indiana law requires an administrative body to follow statutorily mandated methods of exer-

cising its statutory powers and duties. *Myers v. Greater Clark County School Corp.* (1984), Ind. App., 464 N.E.2d 1323; *Silver, Burdett & Co. v. Indiana State Board of Education* (1904), 35 Ind.App. 438, 72 N.E. 829. Further, school boards must strictly adhere to statutory conditions precedent to the discharge of an employee. *Myers; Blue River Valley School Corp. v. Renfro* (1983), Ind.App., 446 N.E.2d 1364; *Joyce v. Hanover Community School Corp.* (1971), 150 Ind. App. 296, 276 N.E.2d 549.

Finally, the word "shall" in a statute is presumed to be used in its imperative and mandatory sense. *State ex rel. Land v. Board of Trustees of Springs Valley School Corp.* (1982), Ind. App., 430 N.E.2d 791; *City of Indianapolis v. Ingram* (1978), 176 Ind.App. 645, 377 N.E.2d 877.

**4.** Where possible our courts are bound to apply the plain meaning of a statute. *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 418 N.E.2d 207; *Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223.

contract will not continue for the next school term; this notification must be:

(A) Written; and

(B) Delivered in person, or mailed by registered or certified mail to the teacher at his last and recognized address...."

The unambiguously expressed intention of this section is a contract does not continue if proper notice is given. There is no exception or further condition for termination of the contract. In contrast, subsection (b)(2) does not address the question of whether a contract continues. In fact, by its language, it is operative only if the nonpermanent teacher has been *refused* continuation of the contract.[5] Subsection (b)(2) could not and does not impact on the nonrenewal procedure and is not a condition precedent to nonrenewal. Obviously, then, the failure alone to comply with subsection (b)(2) does not entitle Moran to the relief of reinstatement.

## II.

■ Having concluded Moran is not entitled to reinstatement, the question remains whether she is entitled to other relief. Moran's right to other relief depends upon whether she proved her "right" to a written evaluation was breached. Moran argues the Board breached the contract in two respects. First, she contends subsection (b)(2) specifically states the *principal* must provide her with a written evaluation, and this means he must personally conduct the evaluation and cannot delegate this authority. We disagree.

Subsection (b)(2) states "[t]he principal ... shall provide the teacher with an annual written evaluation." The common definition of the verb "provide" includes "to make available; supply, afford." *Webster's New World Dictionary*, p. 1172 (College Ed. 1966). Hence, IC § 20–6.1–4–14(b)(2) directs the principal to supply, afford or make available a written evaluation of the nonpermanent teacher's performance before January 1 of each year. It charges the principal with the responsibility of arranging a written evaluation; it does not require the principal personally to prepare it. The trial court did not err in determining the principal may delegate the responsibility of performing the statutorily required written evaluation of a nonpermanent teacher. Since the principal "provided" Moran with a written evaluation through the vice principal, such action constituted no breach.

■ Second, Moran argues a breach occurred because she did not receive an evaluation until January 12. Moran's contention the delay in receiving an evaluation constitutes a breach rests upon the assumption strict compliance with subsection (b)(2) is required. Her argument for strict compliance, however, is based upon her previous assertion subsection (b)(2) is a condition precedent to nonrenewal. Since we have found otherwise, and since Moran cites no other reason or authority for requiring strict compliance, we hold the trial court did not err in finding substantial compliance with subsection (b)(2) was sufficient and the Board substantially complied with this provision.

The general rule is, and our courts have held, substantial compliance with a statutory mandate is sufficient if the act of compliance accomplishes the essential purpose of the statute. *Beneficial Finance Co. v. Wegmiller Bender Lumber Co.* (1980), Ind.App., 402 N.E.2d 41; *Taylor v. Burton* (1973), 157 Ind.App. 267, 299 N.E.2d 848; *Feigel Const. Corp. v. City of Evansville* (1958), 128 Ind.App. 698, 150 N.E.2d 263. Moran suggests and we agree the purpose of the written evaluation is to provide a nonpermanent teacher the opportunity to correct deficiencies observed in his or her teaching. Moran received her written evaluation on January 12, while the Board did not make the decision to terminate her contract until mid-April. There is no evidence the delay in receiving a written evaluation impaired or impeded Moran's opportunity to correct the deficiencies observed in her teaching. The trial court did

---

5. Subsection (b) states in part: "A teacher who is refused continuation of the contract under subsection (a) of this section has the following rights...."

not err in applying the standard of substantial compliance nor in concluding the Board substantially complied with subsection (b)(2). Because the Board complied with subsection (b)(2), there is no breach and Moran is not entitled to any relief.

Judgment affirmed.

SULLIVAN and RATLIFF, JJ., concur.