Dorothy Eisner TISHEY,
Appellant–Plaintiff,

v.

BOARD OF SCHOOL TRUSTEES OF
NORTH NEWTON SCHOOL CORPO-
RATION, Appellee–Defendant.

No. 37A01–9103–CV–67.

Court of Appeals of Indiana,
First District.

July 30, 1991.

Rehearing Denied Oct. 9, 1991.

Richard J. Darko, Susan P. Stuart, Lowe Gray Steele & Hoffman, Indianapolis, Robert Randle, Randle & Shelmon, Rensselaer, for appellant-plaintiff.

Charles R. Rubright, John M. Bailey, Bose McKinney & Evans, Indianapolis, for appellee-defendant.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

Dorothy Eisner Tishey appeal the involuntary dismissal of her action for damages for the nonrenewal of her teacher's contract with the Board of School Trustees of North Newton School Corporation ("Board"). We affirm.

ISSUES

We restate the issues as:

1. Did the trial court err in finding that Board complied with IND.CODE § 20–6.1–4–14, which requires Board to provide Tishey a statement of the reasons for her nonrenewal and to hold a conference at her request?

2. Did the court err in concluding that Board did not abuse its discretion by failing to create a record?

## FACTS

Board employed Tishey during the 1986–87 school year as a nonpermanent teacher. On April 21, 1987, Superintendent Virginia Scales notified Tishey by letter that Board decided not to renew her contract. Tishey requested reasons for her nonrenewal. Scales sent a letter to Tishey setting forth reasons for nonrenewal.[1] The letter explained that Tishey's contract was not being renewed because Tishey failed to cooperate with other personnel and parents, was rude to parents during conferences, used profanity in the presence of students, and utilized students during scheduled structural time to distribute notes. Tishey also requested a conference pursuant to I.C. § 20–6.1–4–14. The conference was held on May 18, 1987. At the meeting, Board did not present any further information about its reasons for nonrenewal. Tishey denied the allegations in the letter. Tishey's contract was not renewed, and she filed this action on January 5, 1988, seeking reinstatement and damages. Tishey alleged that Board's reasons for nonrenewal were not a complete statement as required by I.C. § 20–6.1–4–14(b) and that Board's failure to exchange information at the meeting denied her a conference. Tishey further claimed that Board's decision was an arbitrary and capricious abuse of its discretion because of the failure to create a record. Board and Tishey stipulated that Tishey received the letter containing the statement of reasons for nonrenewal. After Tishey presented evidence at the bench trial, Board's motions for involuntary dismissal pursuant to Ind. Trial Rule 41(B) were granted.

## DISCUSSION AND DECISION

■ The trial court involuntarily dismissed Tishey's action after the presentation of her case. On appeal, we consider only the evidence most favorable to the plaintiff and determine whether there was substantial evidence of probative value to establish the material elements of the plaintiff's complaint. *Schmidt v. Collins* (1990), Ind.App., 556 N.E.2d 933, 935. We have examined the record and conclude that the evidence supports an involuntary dismissal under T.R. 41(B).

### Issue One

■ First, Tishey contends that Board did not supply a complete statement of reasons for nonrenewal. Upon a teacher's request, I.C. § 20–6.1–4–14(b)(1) provides that Board must give the teacher a written statement which states the reasons for the non-continuation of the contract. The letter sent to Tishey explained that her contract was not being renewed because Tishey failed to cooperate with other personnel and parents, was rude to parents during conferences, used profanity in the presence of students, and utilized students during scheduled structural time to distribute notes, all of which was not in the best interests of the school corporation. Tishey contends such reasons are not complete and fail to inform her of the reasons for her non-continuation. Tishey misplaces reliance upon *State ex. rel. Newton v. Board of School Trustees of the Metropolitan School District of Wabash County* (1980), Ind.App., 404 N.E.2d 47, which determined the rights of a tenured teacher under IND. CODE § 20–6–12–2, now I.C. §§ 20–6.1–4–10 and –11. Nonpermanent teachers are not accorded the same status as permanent teachers, and procedures for termination are different and in separate sections of the statute. *Aplin v. Porter School Township of Porter County* (1980), Ind.App., 413 N.E.2d 999, 1003, *trans. denied.*

In *Tilton v. Southwest School Corporation* (1972), 151 Ind.App. 608, 628–30, 281 N.E.2d 117, 129, *trans. denied,* the court determined the adequacy of the reasons given for nonrenewal of a nontenured teacher. The statute in effect at that time was similar to the one here in that the board was required to provide a written statement showing the reason for dismissal. *See* IND.CODE § 20–6–13–1. In *Til-*

---

1. Although an exhibit of the letter is not contained in the record, its contents are presented through Tishey's testimony in the record.

*ton*, the board's nonrenewal was based upon the decision that the teacher's "instructional contribution to the educational program was not of the quality sufficiently high to merit his continuation as a teacher there [sic] and further [sic] that the educational program in social studies area could be improved by his replacement". The court found that although the reasons were not detailed, the conclusionary reasons were sufficient. *Id.*, at 630, 281 N.E.2d at 130. In light of *Tilton*, we find that Board's reasons were sufficient to inform Tishey of the reasons for her nonrenewal.

■ Although Tishey also contends that receipt of the statement of reasons was a condition precedent to her non-continuation, she is mistaken. At the time of her nonrenewal in 1987, I.C. § 20–6.1–4–14(b) provided: "A teacher who is refused continuation of the contract under subsection (a) of this section has the following rights: (1)...." In *Moran v. Board of School Trustees of Mt. Pleasant Township Community Schools* (1986), Ind.App., 501 N.E.2d 472, 474–75, *trans. denied*, the court determined that the evaluation of the teacher's performance from the principal, as provided in I.C. § 20–6.1–4–14(b)(2), was not a condition precedent to termination of a nonpermanent teacher's contract. The *Moran* court held that the rights under section (b) were operative only if the nonpermanent teacher had been refused continuation of the contract. *Id.* at 475. Adopting the analysis in *Moran*, we find I.C. § 20–6.1–4–14(b)(1) also was not a condition precedent to nonrenewal in 1987. We note that the legislature added the following language in 1989 to the statute after the *Moran* decision: "(b) Before a teacher is refused continuation of the contract under subsection (a), the teacher has the following rights, which will be strictly construed ..." *See* I.C. § 20–6.1–4–14(b) (Supp.1989). This change now makes the statement of reasons for nonrenewal and the evaluation of performance conditions precedent to nonrenewal. Nevertheless, the post-*Moran* changes do not apply to Tishey.

■ Next, Tishey contends that Board failed to conduct a conference as required by I.C. § 20–6.1–4–14(c). Although a meeting was held, Tishey claims that it was not a "conference". Tishey argues that Board's failure to elaborate on its statement of reasons for nonrenewal or to present any further information denied her right to a "conference". I.C. § 20–6.1–4–14(c) provides that Board *"may* provide any information supporting non-continuance, and the teacher may provide any information demonstrating that non-continuance is improper." Generally, "may" connotes a permissive condition and a grant of discretion, *Williams v. City of Indianapolis* (1990), Ind.App., 558 N.E.2d 884, 887, *trans. denied.* The statute does not place an affirmative obligation upon Board to exchange information at the conference as Tishey erroneously contends. The evidence supports that Tishey was afforded the opportunity to address Board at a conference.

We do not find the court erred in determining that Board complied with I.C. § 20–6.1–4–14.

*Issue Two*

■ Tishey challenges Board's decision of nonrenewal, claiming that it was an arbitrary and capricious abuse of discretion because no record was made showing the evidentiary basis for nonrenewal. Tishey claims the trial court erred in finding no record was required and that Tishey was not entitled to judicial review. The right to judicial review of Board's decision of nonrenewal of a nonpermanent teacher's contract is limited. " 'Where power has been conferred upon an administrative officer or board to remove ..., a teacher, ..., for cause, and the procedure is provided for such removal, *and the procedure has been followed*, the finding of such administrative officer or board dismissing ..., a teacher, ... is final and conclusive and not reviewable by the courts ... except where such administrative officer or board has acted in bad faith, corruptly, fraudulently, or has grossly abused its discretion.' " *Tilton*, at 616, 281 N.E.2d at 123 (quoting *Tippecanoe Valley School Corp. v. Leachman* (1970), 147 Ind.App. 443, 454, 261 N.E.2d 880, 886, *trans. denied* ) (emphasis in original).

I.C. § 20–6.1–4–14 sets forth the procedure for nonrenewal of nonpermanent teachers. It does not require a written record. We will not impose a requirement where none is mandated statutorily. *See Thombleson v. Board of School Trustees of Central School District of Greene County* (1986), Ind.App., 492 N.E.2d 327, 334, *trans. denied* (I.C. § 20–6.1–4–14 does not require board to make written findings). Because the procedure has been followed, Board's decision of nonrenewal is final and is not subject to review. Tishey attempts to engraft the statutory provisions for permanent and semi-permanent teachers upon the provisions for nonpermanent teachers. Tishey cites several cases involving permanent teachers and their rights and concludes the same rights should be afforded nonpermanent teachers. The legislature has provided distinct procedures and rights for permanent and nonpermanent teachers. We decline to impose requirements upon Board, which the legislature has not mandated.

In accord with our determinations in *Issues One* and *Two*, we find no evidence to support the material allegations of Tishey's complaint. Accordingly, we find no error in the trial court's grant of Board's motion for involuntary dismissal.

Affirmed.

BAKER and STATON, JJ., concur.