Jill M. BAIRD, Appellant–
Defendant/Counter–
Plaintiff,

v.

LAKE SANTEE REGIONAL WASTE
AND WATER DISTRICT, Appellee–
Plaintiff/Counter–Defendant.

No. 16A01–1009–CC–470.

Court of Appeals of Indiana.

March 7, 2011.

Publication Ordered March 23, 2011.

Rehearing Denied May 5, 2011.

Jill M. Baird, Greensburg, IN, Appellant Pro Se.

Amy E. Higdon, Scott P. Wyatt, Campbell Kyle Proffitt, LLP, Carmel, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant/Counter–Plaintiff, Jill M. Baird (Baird), appeals the trial court's denial of her motion for relief from judgment granting a foreclosure decree against her property in favor of Appellee–Plaintiff/Counter–Defendant, Lake Santee Regional Waste and Water District (the District), for her failure to pay sewer connection penalties.

We affirm.

### ISSUES

Baird raises several issues for our review, which we restate as the following two:

1) Whether the trial court had subject matter jurisdiction to review the case; and

2) Whether Baird's due process rights were violated.

### FACTS AND PROCEDURAL HISTORY

Baird owns a property located in Decatur County, Indiana. This real estate falls within the service territory of the District, an Indiana municipal corporation formed under Indiana Code section 13–26 *et seq.* In August of 1999, the District adopted three ordinances requiring property owners within the District's service territory to discontinue use of septic tanks and connect to the sewer system. In these ordinances, the District established fees for connection and penalties for failure to timely connect. The District notified the property owners about the new requirement on September 1, 2000. Baird was personally served with her first notice on October 7, 2000 at 3:28 p.m. On April 22, 2002, she received another notice from the District, and one more from the District's counsel on October 16, 2002.

Nonetheless, as of May 1, 2002, Baird's property still was not connected to the sewer system. As a result, the District assessed fees and penalties on Baird, which were reduced to three liens and recorded against her property on June 27, 2002, September 23, 2002, and November 22, 2002 respectively.

After the liens remained unpaid, the District filed its Complaint to Foreclose Sewer Liens on March 15, 2004. On May 14, 2004, Baird filed her answer, affirmative defenses, and counterclaims. The District filed its answers to the counterclaims on June 22, 2004 and then amended its answers on September 10, 2004.

On June 30, 2009, the District filed its motion for summary judgment on Baird's counterclaims, designation of evidence, and memorandum in support of the motion. On July 2, 2009, Baird filed her motion for summary judgment, designation of evidence, and memorandum in support of the motion. Cross motions in response to the summary judgment motions followed on September 29, 2009. On March 17, 2010, after a hearing, the trial court entered a summary judgment in favor of the District.

On June 29, 2010, the trial court held a hearing on the District's Complaint to Foreclose Sewer Liens. At the conclusion

of the hearing, the District tendered a proposed judgment to the trial court. Baird filed an objection to the proposed judgment on July 6, 2010 and submitted her own proposed judgment about the same time. On July 8, 2010, the trial court adopted the District's proposed judgment and entered its judgment entry and decree of foreclosure in favor of the District. Baird filed her motion for relief from judgment on August 6, 2010, which was followed by the District's objection on August 10, 2010. On August 12, 2010, the trial court denied Baird's motion for relief.

Baird now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■■■ Initially, we observe that one who proceeds *pro se* is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of her actions. *Ramsey v. Review Bd.*, 789 N.E.2d 486, 487 (Ind. Ct.App.2003). While we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.* The purpose of our appellate rules is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. *Id.* We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed, or improperly expressed to be understood. *Id.*

Here, Baird's brief is highly deficient. *See* Ind. Appellate Rule 46(A)(8). For example, in her brief, in a single line, she asserted that she had requested the trial court judge to disqualify himself. However, she did not cite to any legal authority and did not provide any analysis in support of the request. Further, she cited to the law in support of several arguments, but did not develop her analysis any further by applying the law to the facts in her case. Most of Baird's arguments lack cogent reasoning. Nonetheless, we will attempt to respond to her arguments as we understand them.

### I. Standard of Review

■■■ Baird argues that she is entitled to relief from judgment under Ind. Trial Rule 60(B). Specifically, she claims that the judgment was void because there was no jurisdiction and her due process rights were violated. *See* Ind. Trial Rule 60(B)(6). The trial court denied Baird's motion for relief from judgment. A trial court's denial of a motion for relief filed in accordance with Ind. Trial Rule 60(B) is ordinarily reviewed for an abuse of discretion. *Case v. Case*, 794 N.E.2d 514, 517 (Ind.Ct.App.2003). However, when a trial court rules on such a motion on a paper record without conducting an evidentiary hearing, as it did here, the standard of review on appeal is *de novo*. *Williams v. Tharp*, 934 N.E.2d 1203, 1215 (Ind.Ct.App. 2010). The rationale for *de novo* review is that the appellate court is in as good a position as the trial court to determine the force and effect of evidence. *Id.*

### II. Jurisdiction

Baird argues that the trial court lacked jurisdiction. She claims that the District failed to follow proper statutory procedure and therefore failed to invoke the jurisdiction of the trial court and further that the trial court was without jurisdiction to order foreclosure of liens for fines. We disagree.

Recently, when discussing jurisdictional issues, our supreme court clarified:

Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.

Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

*K.S. v. State,* 849 N.E.2d 538, 540 (Ind. 2006).

The *K.S.* court went on to explain, "[a]ttorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *Id.* at 541. "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *Id.* at 542. "Real jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id.*

■ In the present case, there is no dispute that the trial court had jurisdiction over the person. Baird was clearly served with notice of the complaint, filed motions for summary judgment, attended trial, and submitted trial briefs and proposed orders to the trial court.

■ Further, there is no dispute that the trial court had jurisdiction over the subject matter. Although Baird claimed that there was a jurisdictional problem, it was not a "real" jurisdictional problem in the sense discussed in *K.S.* Baird did not explain why her case should be removed from the trial court and, most importantly, to where it should be removed. "The circuit court has original jurisdiction in all civil cases ... except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." Ind.Code § 33–28–1–2. Our legislature clearly designated the trial court to be a default forum for all cases, unless, a litigant can show, or the trial court discovers itself, that some other court exercises exclusive jurisdiction over the case. Here, the case dealt with collection of penalties imposed for a failure to connect to the sewer system. We find it to be a case of the general class of actions within the court's power to hear and therefore within the jurisdiction of the trial court.

As such, because there were both the personal and subject matter jurisdiction, we conclude that the trial court had proper jurisdiction over this case.

### III. *Due Process*

Baird further claims due process violations under Article 1, Section 12 of the Indiana Constitution and under the Fourteenth Amendment of the United States Constitution because the District did not follow prescribed statutory procedures in exercising its powers. We cannot agree.

First, the District's imposition of liens did not violate due process. The Fourteenth Amendment of the Unites States Constitution prohibits any state from depriving a person of life, liberty, or property without due process of law. Also, Article 1, Section 12 of the Indiana Constitution states that "[a]ll courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely,

and without purchase; completely, and without denial; speedily, and without delay." Indiana courts have consistently construed Article 1, Section 12, as analogous to the federal due process clause. *See, e.g. Doe v. O'Connor,* 790 N.E.2d 985, 988 (Ind.2003); *McIntosh v. Melroe Co.,* 729 N.E.2d 972, 976 (Ind.2000).

■ A due process claim requires consideration of two factors: first, there must be the deprivation of a constitutionally protected property or liberty interest; and second, a determination of what procedural safeguards are then required. *Ross v. Ind. State Bd. Of Nursing,* 790 N.E.2d 110, 120 (Ind.Ct.App.2003). The United States Supreme Court has defined constitutionally protected "property" in this context as "a legitimate claim of entitlement." *Bankhead v. Walker,* 846 N.E.2d 1048, 1053 (Ind.Ct.App.2006).

■ It is well settled that a municipality's lien against property for utility fees is not a deprivation or taking of property and that, therefore, the requirements of due process are inapplicable. *Williams v. City of Indianapolis Dept. of Pub. Works,* 558 N.E.2d 884, 886 (Ind.Ct.App.1990). In *Williams,* the city placed liens against properties for delinquent sewer user fees. *Id.* A property owner sued alleging a constitutional due process violation. *Id.* The court held for the city, reasoning that:

> A lien is filed against the property and clouds title. It cannot be denied that the effect of such lien may make it difficult to alienate the property. If the plaintiffs can find a willing buyer, however, there is nothing in the statutes or the liens which prohibits the consummation of the transaction.

*Id.* at 887.

■ Now turning to the present case, we do not see any significant difference between the unpaid penalties for failure to connect to the sewer system in this case and the unpaid sewer fees in *Williams.* Applying *Williams'* analysis here, we find that the liens on Baird's property were not "takings" and, hence, the due process inquiry is similarly inapplicable.

■ Furthermore, although Baird argues that the District did not follow required statutory procedures in imposing the liens, we fail to see where the District erred. The record establishes, contrariwise, the District acted well within the scope of authority expressly granted to it by the statute. The District had the right to establish penalties for failure to connect to the sewer system. *See* I.C. § 13–26–5–2(9). The District had the right to impose the liens to secure payment of the penalties. *See* I.C. § 13–26–12 *et seq.* (repealed 2005). Finally, the District had the right to foreclose the liens to collect the unpaid penalties. *See* I.C. § 13–26–14–1. As such, we hold that the District's activities in imposing the liens and subsequent activities in enforcing the same did not violate Baird's due process rights.

■ Second, the District's ordinances did not violate due process either. Article 1, Section 12 of the Indiana Constitution contains a substantive component requiring legislative enactments to be rationally related to a legitimate legislative goal. *Doe v. Town of Plainfield,* 893 N.E.2d 1124, 1132 (Ind.Ct.App.2008), *trans. denied.* Stated somewhat differently from a rights perspective, Article 1, Section 12, recognizes that individuals have a right to be free from arbitrary government treatment. *Id.* This inquiry is similar to rational basis review under federal substantive due process analysis. *Id.*

■ A · constitutional challenge to an ordinance requires the same analysis as a constitutional challenge to a statute. *Id.* at 1129. That is, it is presumed that the

ordinance is constitutional until the challenging party clearly overcomes the presumption by a contrary showing. *Id.* The party challenging the constitutionality of the ordinance bears the burden of proof, and all doubts must be resolved against that party. *Id.* Moreover, and perhaps most significant for our analysis, a facial challenge to the constitutionality of an ordinance requires the challenging party to demonstrate that there are no set of circumstances under which the ordinance can be constitutionally applied. *Id.*

In the present case, Baird made no showing that the ordinance imposing a $25.00 per day penalty was not rationally related to a legitimate legislative goal. In fact, the intent behind the ordinance, as well as the statutory authority for the ordinance (I.C. § 13–26–5–2(8) and (9)), was to require property owners within the District to connect to the sewer system in order to protect the public health, safety, and welfare. I.C. § 13–26–2–3(3)(C). Public health, safety, and welfare are legitimate legislative goals. Also, Baird made no showing as to how the District's enforcement of this ordinance by imposing and then collecting penalty charges or fines for her failure to connect by means of foreclosing the liens constituted arbitrary government treatment. The ordinances here were clearly directed at all property owners. All of them were required to pay the connection fees. All of them faced the same penalties for failure to connect.

As such, we conclude that Baird's due process rights were not violated.

### CONCLUSION

Based on the foregoing, we hold that the trial court's order denying Baird's motion for relief from judgment was proper.

Affirmed.

ROBB, C.J., and BROWN, J., concur.

### ORDER

Appellee, by counsel, has filed a Motion to Publish.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee's Motion to Publish is GRANTED, and this Court's opinion handed down on March 7, 2011, marked Memorandum Decision, Not for Publication, in now ORDERED PUBLISHED.

ROBB, C.J., RILEY, BROWN, JJ., concur.