**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 19 2012, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ERIC D. SMITH**
Westville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 33A05-1109-PL-572 |
| | ) | |
| D. PATTON, SCOTT FITCH, LARRY BYNUM, | ) | |
| and CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Terry K. Snow, Special Judge
Cause No. 33C02-0810-PL-28

**July 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Eric Smith appeals the denial of his motion for relief from the trial court's entry of judgment in favor of Appellees D. Patton, Scott Fitch, Larry Bynum (collectively, "the correctional officials"), and Correctional Medical Services, Inc. ("CMS"). We affirm.

## ISSUE

Smith raises one issue, which we restate as: whether the trial court erred by denying his motion for relief from judgment.

## FACTS AND PROCEDURAL HISTORY

Smith is incarcerated in the Indiana Department of Correction. During the times relevant to this case, he was incarcerated at the New Castle Correctional Facility ("New Castle"). The correctional officials worked at New Castle, and CMS provided medical services to inmates at New Castle.

In August 2008, Smith fractured his ankle. Subsequently, he became dissatisfied with the medical treatment he received for his ankle and for an infected, ingrown toenail. Smith began this case by suing the correctional officials in Henry County, alleging claims under the Eighth Amendment to the United States Constitution and 42 United States Code section 1983. Smith sued CMS separately in Marion County, also alleging claims under the Eighth Amendment to the United States Constitution and 42 United States Code section 1983. At CMS's request, the trial court consolidated Smith's claim against CMS with his case against the correctional officials in Henry County.

The correctional officials and CMS each filed a motion for summary judgment. The trial court held a hearing at which Smith was scheduled to participate telephonically. Smith did not participate. After the hearing, Smith filed a response to the correctional officials' motion but not to CMS's motion. The trial court granted both motions for summary judgment. Smith appealed, and this Court affirmed the judgment of the trial court in a Memorandum Decision. *See Smith v. Patton* (*Patton I*), No. 33A01-1012-PL-681 (Ind. Ct. App. Aug. 26, 2011), *trans. denied*.

Next, Smith filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B)(8). The trial court denied Smith's motion without a hearing. This appeal followed.

DISCUSSION AND DECISION

Indiana Trial Rule 60(B)(8) provides, in relevant part,

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons . . . any reason justifying relief from the operation of the judgment, other than those set forth in sub-paragraphs (1), (2), (3), and (4).

A trial court's denial of a motion for relief from judgment filed in accordance with Indiana Trial Rule 60(B) is ordinarily reviewed for an abuse of discretion. *Baird v. Lake Santee Reg'l Waste & Water Dist.*, 945 N.E.2d 711, 714 (Ind. Ct. App. 2011). However, neither the correctional officials nor CMS filed an Appellee's Brief. When an appellee fails to submit a brief, an appellant may prevail by presenting a prima facie case of error. *Ford v. Ford*, 953 N.E.2d 1137, 1142 (Ind. Ct. App. 2011). Prima facie error is error at first sight, on first appearance, or on the face of it. *Trinity Homes, LLC v. Fang*, 848

3

N.E.2d 1065, 1068 (Ind. 2006). Where an appellant is unable to show prima facie error, we will affirm. *Id.*

Trial Rule 60(B) affords relief in extraordinary circumstances that are not the result of any negligence or fault on the part of the movant. *Gertz v. Estes*, 922 N.E.2d 135, 138 (Ind. Ct. App. 2010). Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010).

Here, Smith argues that the trial court should have granted his motion for relief from judgment because he has demonstrated meritorious claims. Specifically, he asserts: (1) the trial court should not have consolidated Smith's complaint against CMS with his complaint against the correctional officials in Henry County; (2) the trial court should not have granted the correctional officials' and CMS's motions for summary judgment without ruling on Smith's pending motions; and (3) prison employees intentionally caused Smith to miss the telephonic summary judgment hearing. However, Smith raised all of these claims in his previous appeal, and a panel of this Court concluded that he waived them for failure to present them in his response to the correctional officials' motion for summary judgment. *Patton I*, at *3. He does not allege any change in circumstances since the previous appeal was resolved. Instead, Smith seeks to relitigate his claims. This is an inappropriate use of Indiana Trial Rule 60(B). *See Knowledge A-Z, Inc. v. Sentry Ins.*, 891 N.E.2d 581, 585 (Ind. Ct. App. 2008) (determining that the trial court did not err by denying a motion for relief from judgment and subsequent motion to correct error where the motions "merely [sought] to re-litigate the underlying matter"),

4

*trans. denied.* Smith has failed to demonstrate that the trial court committed prima facie error by denying his motion for relief from judgment.

<u>CONCLUSION</u>

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BAILEY, J., and BROWN, J., concur.