DICKSON, Justice.
Addressing an issue of first impression in Indiana, the Court of Appeals holds that an excess insurer may not bring an action for legal malpractice against the insured’s attorneys. Querrey & Harrow v. Transcontinental Ins. Co., 861 N.E.2d 719 (Ind.Ct.App.2007). We agree and now adopt this opinion as to all issues addressed. Ind. Appellate Rule 58(A)(1).
The principal argument addressed by the Court of Appeals is whether or not to extend the availability of equitable subrogation to excess insurance policy carriers to enable them to sue the attorneys of its insured for legal malpractice. Emphasizing the paramount importance of a lawyer’s duties of client loyalty and maintaining client confidentiality, the court considers Indiana decisions concerning the doctrine of equitable subrogation and the prohibition against assignments of legal malpractice actions. It also explores the decisions of various other jurisdictions that have considered the same or related issues. We find that the analysis and conclusion of the Court of Appeals are sound and proper.
In a secondary issue, the Court of Appeals finds no material issue of fact existed .indicating an attorney-client relationship between the insured’s attorneys and the excess insurer. The court finds *1237 that communications between the insured’s attorneys and the excess insurer fell “far short” of implying that the attorneys consented to represent their client, the insured, and the insured’s excess insurer. We agree.
We adopt the opinion of the Court of Appeals. This cause is remanded for the entry of summary judgment in favor of the appellants-defendants.
SHEPARD, C.J., and RUCKER, J., concur. BOEHM, J., concurs in result.
SULLIVAN, J., dissents with separate opinion.