MUNICIPAL TAX LIENS, INC.,
Appellant–Plaintiff,

v.

Michael ALEXANDER, Appellee–
Defendant.

No. 18A02–0804–CV–341.

Court of Appeals of Indiana.

Sept. 16, 2008.

Ryan A. Beall, LaPorte, IN, Attorney for Appellant.

Peter H. Drumm, Muncie, IN, Attorney for Appellee.

## OPINION ON REHEARING

BROWN, Judge.

Municipal Tax Liens, Inc. ("MTL") appealed the trial court's grant of summary judgment to Michael Alexander regarding MTL's attorney malpractice complaint against Alexander. MTL raised one issue, which we restated as whether the trial court erred by granting summary judgment to Alexander. We reviewed this issue in *Municipal Tax Liens, Inc. v. Alexander*, No. 18A02–0804–CV–341, 890 N.E.2d 116, 2008 WL 2653956 (Ind.Ct.App. July 8, 2008), and held that the trial court erred by granting summary judgment because a genuine issue of material fact existed regarding whether MTL was a direct continuation of Realty Asset Properties, Ltd. ("RAP") and whether RAP assigned the legal malpractice claim to MTL. We reaffirm our opinion but grant rehearing to address Alexander's argument that *Querrey & Harrow, Ltd. v. Transcon. Ins. Co.*, 885 N.E.2d 1235 (Ind.2008), affects the outcome of this case.

In *Querrey & Harrow, Ltd. v. Transcon. Ins. Co.*, 861 N.E.2d 719, 720 (Ind.Ct.App. 2007), Transcontinental Insurance Company ("Transcontinental") paid $3,740,000 as part of a settlement of a personal injury claim. Transcontinental subsequently sued the law firms and lawyers for its insured under a theory of equitable subrogation and alleged that the lawyers and law firms had failed to timely raise a nonparty defense. *Id.* at 720–722. The defendant law firms and attorneys filed motions for summary judgment, which the trial court denied. *Id.* at 721. On appeal, this court held that an excess insurer may not bring an action for legal malpractice against the insured's attorneys and reversed the trial court's denial of the defendants' motions for summary judgment. *Id.* at 723–724. The Indiana Supreme

Court adopted the opinion of the Court of Appeals. *Querrey*, 885 N.E.2d at 1236–1237.

Alexander argues that "[i]f the [Indiana] Supreme Court bars an action by a subrogated insurer standing in the shoes of its insured, there is even more reason to bar an action by an entity that acquired its interest in an adversary proceeding." Petition for Rehearing at 3. Alexander also argues that "[i]n this case, the plaintiff claims to have acquired its interest through the settlement of adverse litigation with Alexander's client, Capital Asset Research Partnership." *Id.* However, this court's opinion did not focus on whether MTL received its interest through the settlement with Capital Asset Research Partnership ("CARP").[1] Rather, this court focused on whether MTL was a successor in interest to RAP. Specifically, we held that "in *Summit Account & Computer Serv., Inc. v. RJH of Florida, Inc.*, 690 N.E.2d 723 (Ind.Ct.App.1998), *reh'g denied, trans. denied,* this court found that [*Picadilly, Inc. v. Raikos,* 582 N.E.2d 338 (Ind.1991) ] did not bar a legal malpractice claim that was assigned to a successor corporation where that corporation was a direct continuation of its predecessor."[2] Slip op. 2008 WL 2653956, at *4. We concluded that a genuine issue of material fact existed regarding whether MTL was a direct continuation of RAP and whether RAP assigned the legal malpractice claim to MTL. *See id.* 2008 WL 2653956, at *5. We conclude that *Querrey* is not instructive because, as Alexander concedes, *Querrey* did not involve a successor in interest situation.

While Alexander's petition for rehearing is granted, our original opinion stands in all respects.

DARDEN, J. and NAJAM, J. concur.

1. This court held that "[c]onstruing the facts and reasonable inferences drawn from the facts in MTL's favor, we cannot say that CARP assigned a legal malpractice claim based on Douglas's affidavit." Slip op. 2008 WL 2653956, at *4.

2. Alexander also appears to argue that *Summit* is distinguishable because *Summit* "did not involve succession based upon the settlement of disputed litigation with another entity and the resulting transfer of their claim." Petition for Rehearing at 4. As previously mentioned, this court concluded that it could not say that CARP assigned a legal malpractice claim based on Douglas's affidavit and focused on whether MTL was a successor in interest to RAP. Thus, Alexander's attempt at distinguishing *Summit* on this basis fails. Alexander also argues that *Summit* is distinguishable and has "limited precedential value" because the parties in *Summit* stipulated that one of the parties was a successor in interest. *Id.* Here, while the parties did not stipulate whether MTL was a successor in interest to RAP, this court concluded that a genuine issue of material fact exists regarding whether MTL was a direct continuation of RAP and whether RAP assigned the legal malpractice claim to MTL. *See* slip op. 2008 WL 2653956, at *5. Thus, Alexander's argument is not dispositive.