

FILED
Mar 21 2013, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**C. GREGORY FIFER**
Applegate Fifer Pulliam LLC
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE:

**JOHN W. MEAD**
Mead, Mead & Clark, P.C.
Salem, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLARK COUNTY BOARD OF AVIATION COMMISSIONERS, | ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No.  10A01-1206-PL-288 |
| DENNIS DREYER and MARGO DREYER as CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF MARGARET A. DREYER, | ) ) ) ) ) | |
| Appellees-Defendants. | ) ) | |

APPEAL FROM THE CLARK CIRCUIT COURT NO. 2
The Honorable Jerome F. Jacobi, Judge
Cause No. 10C02-0902-PL-23

**March 21, 2013**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

In 2009, appellant-plaintiff Clark County Board of Aviation Commissioners (the "Commissioners") filed a complaint for eminent domain to acquire two tracts of property owned by appellee-defendant Margaret Dreyer[1] after negotiations to purchase the property deteriorated. Three court-appointed appraisers valued the property and filed their report with the trial court on April 24, 2009. In July 2009, Dreyer filed objections to the report. This filing was outside the twenty-day statutory time frame, but the Commissioners did not object.

After a three-day jury trial ended in a $865,000 verdict in Dreyer's favor, and she was awarded attorney fees, the Commissioners appealed, raising various evidentiary arguments. The judgment in Dreyer's favor was affirmed by this Court, and the Commissioners then filed an Indiana Trial Rule 60(B) motion with the trial court, alleging that the judgment should be set aside because it was void, insofar as the trial court lacked subject matter jurisdiction. More particularly, the Commissioners alleged that Dreyer failed to follow statutory procedures by not objecting to the appraisers' report within the statutory time frame, thereby denying the trial court of subject matter jurisdiction. The motion was denied.

Subject matter jurisdiction and legal error are distinct concepts. Here, at most, there was legal error when the trial court permitted Dreyer to file her objections in July

---

[1] It appears that sometime between May 29, 2012, and when this appeal was filed, Margaret Dreyer passed away and The Estate of Margaret A. Dreyer was opened with Dennis Dreyer and Margo Dreyer as Co-Personal Representatives. The Estate is the now the party of record; however, during most of the relevant proceedings Margaret Dreyer was alive and participated.

2009. Because legal error may not be collaterally attacked, and the Commissioners did not object to Dreyer's July 2009 objections and did not raise the issue in the first appeal, the trial court did not err by denying their Rule 60(B) motion.

FACTS

On December 10, 2008, the Commissioners entered into a Purchase Agreement with Margaret Dreyer to purchase certain tracts of land designated, Tracts 2A, 2B, 2C, 2D, and 2E for $2,477,425. The Purchase Agreement stated that Dreyer "disagrees and does not accept the offer on Tracts 2F and 2G." Appellant's App. p. 30. Accordingly, "parcels 2F and 2G shall be subject to a litigation for eminent domain since there is no agreement on the purchase of these tracts." Id.

On February 27, 2009, the Commissioners filed a complaint in the Clark Circuit Court seeking to acquire Tracts 2F and 2G from Dreyer through eminent domain. The complaint alleged that the land was necessary "as a part of the airport expansion project of enlarging the Clark County Airport runway from 5,500 feet to 7,000 feet, adding an additional 1,500 feet of airport runway." Appellant's App. p. 21. The complaint stated that the appraised value of the land was $3,000 per acre and that Tract 2F is 42.376 acres and Tract 2G is 30.340 acres.

On or about March 3, 2009, Dreyer received a letter from the Commissioners' attorney advising her of a show cause hearing set on March 19, 2009. This letter advised Dreyer that she could object to the report of the court-appointed appraisers.

3

On March 18, 2009, Dreyer sent a letter addressed to "The Clark Circuit Court State of Indiana" and noting that it was in regards to the "Clark County Board of Aviation Commissioners." Appellant's App. p. 130. In this letter, Dreyer stated that she had only two objections to the taking of Tracts 2F and 2G:

1- We do not agree to the appraised value of $3,000.00 per acre.

2- The described real estate in the Summons includes acreage that was agreed by both parties to be released from the take. If the acreage to the South East of the clear zone was released we would have only one objection, that being the appraised value.

Id.

A rule to show cause hearing was held on March 19, 2009.[2] Following this hearing, the trial court issued an amended order and appointment of appraisers to assess damages.[3] The amended order appointed three disinterested freeholders "for the purpose of appraising the property described in the Complaint filed herein, and shall then report back to the Court." Appellant's App. p. 41.

On April 24, 2009, the court-appointed appraisers filed their report concluding that Dreyer was owed $203,605 in damages. On May 7, 2009, a copy of the appraisers' report was delivered to Dreyer; Patricia Hathaway[4] signed the certified mail receipt.

On June 26, 2009, Dreyer appeared with counsel.[5] On July 6, 2009, she filed exceptions to the damages assessment and a demand for a jury trial.

---

[2] The chronological case summary does not reflect this hearing.

[3] It is unclear why an amended order had to be issued or what the contents of the initial order were.

[4] Patricia Hathaway's relationship to Margaret Dreyer is unclear from the record.

4

One year later, on July 13, 2010, Dreyer, through counsel, filed a motion to set aside the appraisers' report, insofar as they were not properly instructed as required under Indiana Code section 32-24-1-9(a). More particularly, the motion alleged that the report "contains conflicting statements resulting in a likelihood that the appraisers failed to properly discharge their duties." Appellant's App. p 69. The Commissioners responded, noting that Dreyer did not object at the time the report was filed more than one year before. Nevertheless, Dreyer pointed out that she was not present when the instructions were given, that she was unrepresented, and that failing to properly instruct appraisers is reversible error. Consequently, on August 17, 2010, the trial court granted Dreyer's motion to set aside the 2009 appraisal and ordered them to return on August 30, 2010 to be properly instructed.

On August 30, 2010, the appraisers were instructed according to statute, and on September 21, 2010, they filed their report. The appraisers assessed the damages for the taking of Tracts 2F and 2G at $201,100, which was $2,505 lower than the 2009 appraisal.

On September 27, 2010, the trial court ordered the clerk "to send a copy of the Report of Appraisers and this Entry and Order by CERTIFIED MAIL to Plaintiff, all Defendants and the attorneys of record in this case." Appellant's App. p. 93. However, although Dreyer's attorney was served with a copy of the appraisers' report on October 7, 2010, Dreyer was not served.

---

[5] Prior to this, Dreyer had been unrepresented.

On November 17, 2010, Dreyer filed amended exceptions to the appraisers' report and demand for a jury trial. Dreyer claimed that the report understated the fair market value of the property, the damages that would result from the Commissioners' proposed improvements, and the amount of just compensation.

The three-day jury trial commenced on November 22, 2010, and on November 24, the jury awarded Dreyer $865,000 in compensation. The trial court entered judgment on the jury's verdict that same day. On January 6, 2011, the trial court entered an order granting Dreyer's motion for attorney fees and costs totaling $24,036.06.

On December 14, 2010, the Commissioners filed a notice of appeal. On appeal, the Commissioners argued that the trial court had abused its discretion by admitting evidence regarding the highest and best use of the property that was not consistent with the current condition of the property. Clark Cnty Bd. of Aviation Comm'rs v. Dreyer, No. 10A01-1012-Pl-659, memo op. at 1 (Ind. Ct. App. December 14, 2011).

A panel of this Court first noted that the Commissioners did not timely object to the admission of the evidence and, therefore, did not properly preserve the claim on appeal. Memo op. at 2. Nevertheless, the panel observed that the trial court had not erred, inasmuch as Dreyer had presented evidence of the highest and best use of the land, and "a land owner is entitled to the value of the property at its highest and best use, not necessarily the use to which it is presently being put." Memo op. at 3. Accordingly, the panel affirmed the judgment of the trial court awarding Dreyer $865,000. Memo op. at 3-4.

Nearly one month later, on January 13, 2012, Dreyer filed a motion to enter the unsatisfied judgment against the Civil Government of Clark County. In the motion, Dreyer alleged that on July 6, 2009, the Commissioners took possession and ownership of the disputed property by paying the sum of $203,605 to the Clerk of the Clark Circuit Court. Nevertheless, despite taking Dreyer's property pursuant to their eminent domain authority, the Commissioners "advised that they have no funds with which to pay the judgment entered in favor of [Dreyer]." Appellant's App. p. 98. Thus, Clark County owed Dreyer $661,395 with 8% interest per annum added from July 6, 2009. Moreover, Dreyer was entitled to $24,035.06 in attorney fees plus 8% interest per annum from January 6, 2011, when she was awarded those fees.

On January 17, 2012, the Commissioners filed a motion for partial relief from the judgment and entry of an order acknowledging full satisfaction of such judgment. For the first time, the Commissioners invoked Trial Rules 60(B)(6) and (8) to argue that Dreyer had not filed her exceptions to the assessment within the prescribed twenty days as provided by statute. More particularly, the Commissioners pointed out that Dreyer was served with notice of the damages award pursuant to the assessment on May 7, 2009, but failed to file exceptions until July 6, 2009. The Commissioners claimed that as a result, the trial court "lacked jurisdiction to determine damages in excess of the court-appointed appraisers' assessment." Appellant's App. p. 103.

On April 26, 2012, Dreyer filed her response to the Commissioners' motion for partial relief from judgment, and on May 2, 2012, the trial court conducted a hearing on

7

the motion. A scheduling order was established at the hearing pursuant to which the Commissioners filed a post-hearing brief on May 14, 2012, and Dreyer filed her supplemental argument and memorandum on May 16, 2012.

On May 29, 2012, the trial court entered an order granting Dreyer's motion to enter judgment against Clark County. The trial court awarded Dreyer $661,395 together with 8% interest from July 6, 2009, until paid and $24,035.06 in attorney fees and litigation expenses together with 8% interest from January 6, 2011, until paid. The trial court denied the Commissioners' motion for partial relief from judgment. The Commissioners now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review – Trial Rule 60(B)

The Commissioners appeal from a denial of a Rule 60(B) motion. This Court reviews the denial of a Rule 60(B) motion for an abuse of discretion. G.B. v. State, 715 N.E.2d 951, 952 (Ind. Ct. App. 2009). We will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id. at 953. "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." Id.

The Commissioners invoked Subsections (6) and (8) in their motion for partial relief from judgment; however, on appeal, they concentrate exclusively on Subsection (6). Rule 60(B)(6) provides that "[o]n motion and upon such terms as are just the court may relieve a party . . . from judgment . . . for the following reasons . . . the judgment is

8

void." Motions filed under Subsection (6) "shall be filed within a reasonable time." Ind. Trial Rule 60(B)(6).

## II. Subject Matter Jurisdiction and Legal Error

The Commissioners allege that the trial court lacked subject matter jurisdiction to award Dreyer damages and attorney fees to the extent that it exceeds the $201,205 damages assessment entered by the court-appointed appraisers.

In K.S. v. State, our Supreme Court recognized that the "fact that a trial court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction." 849 N.E.2d 538, 541 (Ind. 2006). Conflating jurisdiction with procedural error is not a new challenge, insofar as Justice Arterburn wrote almost five decades ago:

> Far too often there is an inclination in a law suit to attempt to convert a legal issue into one of "jurisdiction" and from that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time or that the proceedings are subject to collateral attack and are a matter for original writs in this court.

Id. (quoting J.I. Case Co. v. Sandefur, 245 Ind. 213, 217-18, 197 N.E.2d 519, 521 (1964)).

The K.S. Court explained that "'[t]he question of subject matter jurisdiction entails a determination of whether a court had jurisdiction over the general class of actions to which a particular case belongs.'" Id. at 542 (quoting Troxel v. Troxel, 737 N.E.2d 745, 749 (Ind. 2000)). Furthermore, "[r]eal jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without service of process." Id. (emphasis in original).

9

More recently, in <u>Baird v. Lake Santee Regional Waste and Water District</u>, Baird owned property where various ordinances required property owners to discontinue use of septic tanks and to connect to the sewer system. 945 N.E.2d 711, 713 (Ind. Ct. App. 2011). Baird refused to connect to the sewer system, which resulted in three liens being recorded against her property. <u>Id.</u> After the liens remained unpaid, the District filed its complaint to foreclose, and summary judgment was entered in favor of the District. <u>Id.</u> Eventually, a decree of foreclosure was entered in favor of the District, and Baird filed a motion for relief from judgment pursuant to Rule 60(B)(6), which was denied. <u>Id.</u> at 714.

On appeal, Baird argued that she was entitled to relief under Rule 60(B)(6) because the District had failed to follow statutory procedure, and, therefore, the trial court was without jurisdiction to order foreclosure of the liens. <u>Id.</u> This Court disagreed, concluding that "[a]lthough Baird claimed that there was a jurisdictional problem, it was not a 'real' jurisdictional problem in the sense discussed in <u>K.S.</u>" <u>Id.</u> at 715. The <u>Baird</u> Court reasoned that the legislature designated the trial court to be a default forum for all cases unless some other court has exclusive jurisdiction over the case. <u>Id.</u>

Here, the Commissioners allege that they are entitled to relief because Dreyer's July 2009 exceptions were not filed within the twenty-day time frame prescribed by Indiana Code section 32-24-1-11. Dreyer received the report on May 7, 2009, and failed to file her exceptions until July 6, 2009.[6] But like <u>Baird</u>, this is, at most, a failure to

---

[6] We do note that Dreyer argues that she filed exceptions through her March 18, 2009 letter to the court and that they were therefore timely. The Commissioners counter that this letter did not suffice under the statute. In light of our disposition of the case, we need not address this issue.

follow statutory procedure as opposed to a real jurisdictional problem described in K.S. Consequently, this constituted only legal error, which can only be set aside through direct appeal and not through collateral attack. K.S., 849 N.E.2d at 540.

Nevertheless, the Commissioners argue that because our Supreme Court abolished the concept of "jurisdiction over the particular case," the jurisdictional effect of Dreyer's failure to follow the proper statutory procedures "relate only to subject matter jurisdiction." Reply Br. p. 8.

Initially, we note that our Supreme Court has observed that defining the precise time period under Indiana Code section 32-24-1-11 is crucial because if exceptions are not filed within the articulated time frame, the trial court is deprived "of jurisdiction to hear the issue of damages." State v. Universal Outdoor, Inc., 880 N.E.2d 1188, 1190 (Ind. 2008). However, we cannot agree that this only related to subject matter jurisdiction.

In K.S., our Supreme Court stated that when subject matter jurisdiction and personal jurisdiction exist,

> a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

849 N.E.2d at 540.

We can only conclude that the contrary language in Universal Outdoor is misleading. To be sure if statutory procedures are not followed, the trial court may not be

11

permitted to hear the issue of damages; however, this is not because the trial court lost jurisdiction, but rather, because legal error was committed. Indeed, as strongly suggested by the K.S. Court, practitioners and the judiciary, including ourselves, should stop using the phrase "jurisdiction over a particular case," rather than "legal error," which is what occurred in the instant case. The Commissioners equated jurisdiction with legal error. Accordingly, because legal error is not subject to collateral attack and the Commissioners did not object to Dreyer's 2009 exceptions or even raise the issue on direct appeal, we cannot say the trial court erred by denying their Rule 60(B) motion.

The judgment of the trial court is affirmed.

RILEY, J., and BARNES, J., concur.