ATTORNEY FOR APPELLANT
Board of Commissioners of Clark County, Indiana
C. Gregory Fifer
Applegate Fifer Pulliam LLC
Jeffersonville, Indiana

ATTORNEY FOR APPELLANT
Clark County Board of Aviation Commissioners
R. Scott Lewis
Jeffersonville, Indiana

ATTORNEY FOR APPELLEES
John W. Mead
Mead, Mead & Clark, P.C.
Salem, Indiana

FILED

Sep 12 2013, 10:29 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 10S01-1308-PL-529

CLARK COUNTY BOARD OF AVIATION COMMISSIONERS,      *Appellant (Plaintiff),*
BOARD OF COMMISSIONERS OF CLARK COUNTY, INDIANA      *Appellant (Judgment Debtor),*

v.

DENNIS DREYER AND MARGO DREYER, AS CO-PERSONAL REPRESENTATIVES
    OF THE ESTATE OF MARGARET A. DREYER,      *Appellees (Defendants).*

Appeal from the Clark Circuit Court, No. 10C02-0902-PL-23
The Honorable Jerome F. Jacobi, Judge

On Transfer from the Indiana Court of Appeals, No. 10A01-1206-PL-288

**September 12, 2013**

**Dickson, Chief Justice.**

We grant transfer in an effort to dispel confusion resulting from inartful language in one of our previous opinions.

In this eminent domain case, the Court of Appeals affirmed the judgment of the trial court

in favor of the property owners and against the Clark County Board of Aviation Commissioners. Full factual and procedural details are provided in the opinion of the Court of Appeals. Clark Cnty. Bd. of Aviation Comm'rs v. Dreyer, 986 N.E.2d 286 (Ind. Ct. App. 2013). In its appellate challenge to the trial court judgment, the Board argued that the trial court lacked subject matter jurisdiction because the property owner failed to timely file exceptions to the report filed by the court-appointed appraisers. This argument was predicated on language we included in State v. Universal Outdoor, Inc., stating: "the failure to file exceptions within the articulated time frame deprives the trial court of jurisdiction to hear the issue of damages." 880 N.E.2d 1188, 1190 (Ind. 2008).

In rejecting the Board's argument in the present case, the Court of Appeals concluded that this quoted passage from Universal Outdoor "is misleading," and explained: "To be sure if statutory procedures are not followed, the trial court may not be permitted to hear the issue of damages; however, this is not because the trial court lost jurisdiction, but rather, because legal error was committed." Dreyer, 986 N.E.2d at 291. The Court of Appeals is correct. Instead of declaring that the trial court "lacked subject matter jurisdiction," our opinion in Universal Outdoor should have expressed that the untimely filing of exemptions operated to preclude or foreclose the property owner from challenging the filed report. This was not a matter of subject matter jurisdiction.

The opinion of the Court of Appeals is summarily affirmed. Ind. Appellate Rule 58(A)(2).

Rucker, David, Massa, and Rush, JJ., concur.