# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**NEAL F. BAILEN**
Stites & Harbison, PLLC
Jeffersonville, Indiana

**MATTHEW W. BREETZ**
Stites & Harbison, PLLC
Louisville, Kentucky

ATTORNEY FOR APPELLEES:

**C. GREGORY FIFER**
Applegate Fifer Pulliam, LLC
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN R. VISSING, and VISSING,<br>GRANNAN & ELSONT, LLC<br>(f/k/a JOHN R. VISSING LLC) | ) | |
| | ) | |
| Appellants-Defendants | ) | |
| | ) | |
| vs. | ) | No. 10A04-1403-PL-99 |
| | ) | |
| CLARK COUNTY BOARD OF AVIATION<br>COMMISSIONERS, and BOARD OF<br>COMMISSIONERS OF CLARK COUNTY | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT NO. 4
The Honorable J. Terrence Cody, Special Judge
Cause No. 10C04-1206-PL-55

**October 31, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

John R. Vissing and Vissing, Grannan & Elston, LLC (f/k/a John R. Vissing, LLC) (collectively "Vissing"), appeal the order of the Clark Circuit Court denying Vissing's motion to dismiss an attorney malpractice claim brought against Vissing by the Board of Commissioners of Clark County ("the County Commissioners") and the Clark County Board of Aviation Commissioners ("the Aviation Board"). Vissing presents six issues on appeal, which we renumber and restate as the following two: (1) did the County Commissioners have standing to bring a legal malpractice claim against Vissing, and (2) could the Aviation Board properly ratify the filing of the malpractice claim against Vissing after the complaint had been filed and after the membership of the Aviation Board had been changed by the County Commissioners.

We affirm.

### Facts and Procedural History

This is the third appeal arising out of the 2009 decision of the Aviation Board to expand the Clark County Regional Airport ("the Airport"). To expand the Airport, the Aviation Board needed to acquire land owned by Margaret Dreyer ("Dreyer"). Dreyer accepted the Aviation Board's offer to purchase certain portions of her land that did not lie in a flood zone for $55,000 per acre, but she rejected the Board's offer of $3,000 per acre for the remaining land that did lie in a flood zone. The Aviation Board, acting through its attorney, Vissing, then filed an eminent domain action on February 27, 2009.[1]

On April 24, 2009, court-appointed appraisers filed a report concluding that Dreyer was owed $203,605 in damages. A copy of this report was delivered to Dreyer on

---

[1] The Aviation Board may exercise the power of eminent domain. Ind. Code § 8-22-2-10.

May 7, 2009. On July 6, 2009, Dreyer filed exceptions to the appraisers' report and requested a jury trial.[2] On July 7, 2009, the Aviation Board paid the amount of damages contained in the appraisers' report to the county clerk and obtained possession of the subject property pursuant to the provisions of Indiana Code section 32-24-1-10.

On July 13, 2010, Dreyer filed a motion to set aside the appraisers' report, claiming that the appraisers had not been properly instructed pursuant to the relevant statute. Over the Aviation Board's objection, the trial court granted Dreyer's motion to set aside the appraisers' report. The trial court subsequently instructed the appraisers pursuant to the relevant statute.

On September 21, 2010, the appraisers filed their second report, assessing the damages for the taking at $201,100, which was $2,505 lower than the 2009 appraisal. On September 27, 2010, the trial court ordered the clerk to send a copy of the appraisers report to all parties and attorneys of record, but although Dreyer's counsel was served, Dreyer herself was not. On November 17, 2010, Dreyer filed exceptions to the appraisers' new report and again requested a jury trial.

Following trial, the jury awarded Dreyer $865,000 in compensation. The trial court entered judgment on the jury's verdict that same day and subsequently granted Dreyer's motion for attorney fees and costs in an amount of $24,036. The Aviation Board appealed, claiming that the trial court had abused its discretion in the admission of

---

[2] Earlier, on March 18, 2009, Dreyer, acting *pro se*, sent a letter to the trial court stating that she had two objections to the taking of her land, one of which was the appraised value of $3,000 per acre. Clark Cnty. Bd. of Aviation Comm'rs v. Dreyer, 986 N.E.2d 286, 287 (Ind. Ct. App. 2013), trans. granted, summarily aff'd, 993 N.E.2d 624 (Ind. 2013).

evidence regarding the highest and best use of the property that was inconsistent with the current condition of the property. We held that the Aviation Board had not objected to the admission of the evidence at issue and, therefore, did not properly preserve the evidentiary issue for appeal. Clark Cnty. Bd. of Aviation Comm'rs v. Dreyer, No. 10A01-1012-PL-659, 2011 WL 6249161 at *2 (Ind. Ct. App. Dec. 14, 2011).[3] The Aviation Board did not petition for rehearing or transfer to our supreme court.

Shortly after our opinion was certified, Dreyer filed with the trial court a motion to enter the unsatisfied judgment against Clark County. In her motion, Dreyer stated that the Aviation Board had taken possession and ownership of her land by paying the amount set forth in the appraisers' report, $203,605, to the trial court clerk but that the Aviation Board had informed her that it did not have sufficient funds to pay the judgment entered in Dreyer's favor.[4]

On January 17, 2012, the Aviation Board filed a motion for relief from judgment under Trial Rule 60(B). In this motion, the Aviation Board argued for the first time that Dreyer had not filed her exceptions to the appraisers' report within the statutorily-prescribed twenty days. See Ind. Code § 32-24-1-11(a) (2002).[5] The Aviation Board noted that Dreyer had been served with notice of the damages award pursuant to the

---

[3] We nevertheless held that, even if the issue had been properly preserved, the trial court did not abuse its discretion in admitting the evidence because Dreyer had presented evidence of the highest and best use of the land, and "a land owner is entitled to the value of the property at its highest and best use, not necessarily the use to which it is presently being put." Id. at *3.

[4] The Aviation Board owed Dreyer $661,395 with 8% interest per annum added from July 6, 2009 and $24,035.06 in attorney fees plus 8% interest per annum from January 6, 2011, when she was awarded those fees. See Dreyer, 986 N.E.2d at 289-90.

[5] This provision was amended in 2012 to extend the time limit for exceptions to forty-five days. Ind. Code § 32-24-1-11(b)(2) (2012).

4

assessment on May 7, 2009, but failed to file exceptions until July 6, 2009. The Aviation Board claimed that the trial court therefore lacked jurisdiction to determine damages in excess of the court-appointed appraisers' assessment. The trial court entered an order granting Dreyer's motion to enter judgment against Clark County on May 29, 2012, awarding her $661,395 together with 8% interest from July 6, 2009 until paid, and $24,035.06 in attorney fees and litigation expenses together with 8% interest from January 6, 2011 until paid.[6] The trial court's order denied the Aviation Board's motion for partial relief from judgment.

On June 6, 2012, the County Commissioners held a joint executive session with the Aviation Board to discuss the issues regarding the condemnation of Dreyer's land. A few days later, on June 11, 2012, the County Commissioners had a joint session with the County Council. A member of the Aviation Board was present at this meeting. The County Commissioners attorney recommended that the County pursue an appeal and that the County and the Aviation Board jointly bring a malpractice claim against Vissing, the Aviation Board's attorney. The Aviation Board subsequently appealed the trial court's denial of their motion for relief from judgment, and the County Commissioners' attorney sent a letter to Vissing demanding that Vissing agree to a tolling of the applicable statute of limitations until the appeal was decided. Vissing's malpractice insurer rejected the County Commissioners' demand for an agreement tolling the statute of limitations.

---

[6] As noted in the second appeal involving the Aviation Board and Dreyer, "[i]t appears that sometime between May 29, 2012, and when this appeal was filed, Margaret Dreyer passed away and The Estate of Margaret A. Dreyer was opened . . . . The Estate is the now the party of record; however, during most of the relevant proceedings Margaret Dreyer was alive and participated." Dreyer, 986 N.E.2d at 287 n.1.

On June 13, 2012, the county attorney filed a malpractice claim against Vissing in the name of the County Commissioners and the Aviation Board, claiming that Vissing was negligent in failing to seek dismissal of Dreyer's demand for a jury trial on the grounds that her exception to the appraisers' report was untimely. Vissing's attorney then asked that the County Commissioners' attorney show that the Aviation Board had approved the filing of the complaint against him. The County Commissioners' attorney asked to meet with the Aviation Board, but prior to such a meeting, the president of the Aviation Board sent a letter to the County Commissioners informing them that the Aviation Board intended to keep Vissing as counsel and asked the County Commissioners to dismiss the malpractice claim against Vissing. The Aviation Board eventually heard from the County Commissioners' attorney at a meeting held on November 15, 2012. At another Aviation Board meeting held on November 20, 2012, three of the five members of the Board were present, and these members did not take any action to approve the malpractice claim against Vissing. In the malpractice action, Vissing filed a motion to dismiss the suit, claiming that it had not been authorized by his client, the Aviation Board.

After the Aviation Board failed to approve the suit against Vissing, the County Commissioners removed the three members of the Aviation Board who had failed to approve of the lawsuit against Vissing and appointed new members to replace the dismissed members.[7] On November 21, 2012, the trial court entered judgment in

---

[7] See Ind. Code § 8-22-2-3(b) (providing that "The executive of the eligible entity [i.e., a Board of County Commissioners] may, at any time, remove a [Aviation Board] commissioner from office[.]").

6

Dreyer's action to mandate the County to take actions necessary to appropriate sufficient funds to pay the judgment entered in Dreyer's favor or to issue debt in an amount sufficient to pay the funds to Dreyer.

At a special meeting held on November 28, 2012, the Aviation Board, with its new members, adopted a resolution indicating that it had insufficient funds to pay the judgment entered in Dreyer's favor and acknowledging "the authority of the [County Commissioners] to have asserted the claims against Vissing on its behalf as a political subdivision of the Clark County government unit[.]" Appellant's App. p. 86. Vissing then resigned as counsel for the Aviation Board. The County Commissioners then took the necessary steps to borrow money to pay the judgment entered in Dreyer's favor.

Vissing challenged the validity of the Aviation Board's resolution authorizing the malpractice claim on grounds that the newly-appointed members had not filed their oaths with the county clerk as of the date of the resolution. The newly-appointed members then filed their oaths, and the Aviation Board adopted an identical resolution authorizing the suit against Vissing.

In the meantime, another panel of this court held on appeal that Dreyer's failure to timely file an exception to the appraisers' report did not deprive the trial court of jurisdiction but was simply a legal error that could be set aside only through direct appeal, not a collateral attack. Clark Cnty. Bd. of Aviation Comm'rs v. Dreyer, 986 N.E.2d 286, 291 (Ind. Ct. App. 2013), trans. granted, summarily aff'd, 993 N.E.2d 624 (Ind. 2013).

On November 19, 2013, the trial court entered an order denying Vissing's motion to dismiss as to both the Aviation Board and the County Commissioners. Upon Vissing's

7

motion, the trial court certified its order for interlocutory appeal, and this court accepted interlocutory jurisdiction.

## Standard of Review

Our supreme court set forth the standard of review applicable to a trial court ruling on a motion to dismiss in Putnam County Sheriff v. Price:

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. That is to say, it tests whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in the light most favorable to the non-moving party and with every inference in its favor. Our review of a trial court's grant or denial of a motion to dismiss based on Trial Rule 12(B)(6) is *de novo*. Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief.

954 N.E.2d 451, 453 (Ind. 2011).

## Discussion and Decision

Vissing claims that the trial court erred in denying his motion to dismiss, arguing that the County Commissioners had no standing to bring the malpractice suit against him because the County Commissioners were not in privity with Vissing.

Over two decades ago, our supreme court held that a client may not assign a legal malpractice claim to someone who was his adversary in the underlying litigation. Picadilly, Inc. v. Raikos, 582 N.E.2d 338, 338-39 (Ind. 1991), abrogated on other grounds by Liggett v. Young, 877 N.E.2d 178 (Ind. 2007). This rule has since been extended to generally bar the assignment of all legal malpractice claims "in order to protect the unique nature of the client-attorney relationship[.]" Rosby Corp. v. Townsend, Yosha,

8

Cline & Price, 800 N.E.2d 661, 662 (Ind. Ct. App. 2003), trans. denied.  Vissing claims

that these cases support his position that the County Commissioners cannot sue him for

malpractice; to hold otherwise, Vissing claims, would be to allow someone who was not

his client—the County Commissioners—to sue him for malpractice.[8]

In support of his argument, Vissing cites Querrey & Harrow, Ltd. v.

Transcontinental Insurance Co., 861 N.E.2d 719 (Ind. Ct. App. 2007), opinion adopted,

885 N.E.2d 1235 (Ind. 2008).  In Querrey, the court held that the excess insurer of an

attorney's corporate client was not entitled to bring a legal malpractice claim against the

attorney under the doctrine of equitable subrogation.  In so doing, we noted the general

requirement of privity between the attorney and the party claiming malpractice:

> As a general rule, a plaintiff may recover against a professional who
> negligently makes representations or gives advice "only if there is privity of
> contract or if the negligent professional had actual knowledge that the
> plaintiff would be affected by the representations made."  Keybank
> National Association v. Shipley, 846 N.E.2d 290, 297 (Ind. Ct. App. 2006),
> trans. denied (quoting Walker v. Lawson, 514 N.E.2d 629, 632 (Ind. Ct.
> App. 1987), adopted in part by 526 N.E.2d 968 (Ind. 1988)).  Indiana has
> recognized a single exception to the general rule, allowing a beneficiary
> under a will to pursue a malpractice claim against the drafter of the will
> despite lack of privity because "the attorney and testator-client enter[ed]
> into an agreement with the intent to confer a direct benefit on the
> beneficiary under the will, allowing the third party to sue on the
> contract. . . ." Id.
>
> Recently, in Keybank, we reiterated the general rule and noted the
> narrowness of the exception, concluding that the secured creditor of a failed
> business could not maintain a legal malpractice suit against the attorney
> who had represented a receiver in the business' receivership. Id. at 299-300.
> We emphasized that there are important public policy reasons to keep the
> privity requirement intact because when "lawyers must be conce[r]ned
> about their potential liability to third parties, the resultant self-protective
> tendencies may deter vigorous representation of the client.  Attention to

---

[8]  The Aviation Board has the statutory power to hire its own legal counsel.  Ind. Code § 8-22-2-5(b)(2).

third-party risk might cause the attorney improperly to consider 'personal interests' or 'the desires of third parties' above the client's interests. This would contravene the lawyer's duty of loyalty to the client." Id. at 300 (quoting Jack I. Samet et al., The Attack on the Citadel of Privity, 20 A.B.A. Winter Brief 9, 40 (1991) (footnotes omitted)).

Querrey, 861 N.E.2d at 721-22.

Vissing claims that the same is true here: that he was the attorney of only the Aviation Board, not the County Commissioners, and that he was therefore not in privity with the County Commissioners. Therefore, according to Vissing, the County Commissioners do not have standing to bring a claim of malpractice against him. There is a key difference, however, between Querrey and the present case. In Querrey the party bringing the malpractice claim was an excess insurer suing on a theory of equitable subrogation. Here, the County Commissioners are not suing under a theory of equitable subrogation; they are instead the executive body of Clark County,[9] which was ordered by the trial court to pay damages to Dreyer. See Appellant's App. p. 95 (entering judgment in Dreyer's favor against "the civil government of Clark County, Indiana[.]"). We therefore do not find Querrey to be controlling.

The County Commissioners claim that this case is more similar to that in Municipal Tax Liens, Inc. v. Alexander, 893 N.E.2d 733 (Ind. Ct. App. 2008) (opinion on rehearing). In that case, we held that the general rule against assigning malpractice claims did not bar a legal malpractice claim that was assigned to a successor corporation that was a direct continuation of the predecessor corporation. Id. at 734 ("Querrey is not

_____

[9] See Ind. Code § 36-2-3.5-3 ("The board of commissioners elected under IC 36-2-2 is the county executive.").

10

instructive because . . . <u>Querrey</u> did not involve a successor in interest situation.") (citing <u>Summit Account & Computer Serv., Inc. v. RJH of Florida, Inc.</u>, 690 N.E.2d 723, 728 (Ind. Ct. App. 1998)).

We agree with the County Commissioners. We find this case to be more akin to <u>Alexander</u> than <u>Querrey</u>. The County Commissioners are not stepping into the shoes of the Aviation Board by way of subrogation; they are the executive branch of the very political entity that was ordered to pay the judgment against Dreyer. In fact, instead of being akin to a successor corporation, Clark County is more akin to a parent corporation, as the Aviation Board is a subsidiary unit of the Clark County government, and the Aviation Board's members are appointed by the County Commissioners. <u>See</u> Ind. Code § 8-22-2-1(b)(2) (providing that "the executive of the entity [i.e., the County Commissioners] shall appoint members of the [Aviation] board."); Ind. Code § 8-22-2-3 (providing that, on the expiration of the respective terms, the executive shall appoint a commissioner or commissioners to fill the vacancies cause by the expiration[.]"). Under these quite unique facts and circumstances, we conclude that the County Commissioners, acting on behalf of Clark County, can maintain an action for malpractice against Vissing.

We also reject Vissing's claim that the Aviation Board's subsequent action of authorizing the suit against him was somehow improper. The fact remains that Clark County, via the County Commissioners, sued Vissing. And the Aviation Board has since authorized and approved the suit against Vissing.[10]

---

[10] Vissing makes no cogent argument that the change in the Aviation Board's membership was invalid. <u>See</u> Ind. Code § 8-22-2-3 ("The executive of the eligible entity may, at any time, remove a commissioner from office[.]").

11

## Conclusion

The trial court did not err in denying Vissing's motion to dismiss the claim of malpractice brought against him by the County Commissioners and the Aviation Board. The order of the trial court is affirmed, and this case is remanded for further proceedings.

Affirmed.

RILEY, J., and CRONE, J., concur.