## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 16 2020, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

David B. Schilling
Lee F. Baker
Monroe County Legal Department
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

William J. Beggs
Ryan M. Heeb
Bunger & Robertson
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Monroe County, Indiana and Monroe County Plan Commission, *Appellant-Plaintiffs,* <br><br> v. <br><br> Boathouse Apartments, LLC, *Appellee-Defendant.* | June 16, 2020 <br><br> Court of Appeals Case No. 20A-PL-177 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Elizabeth A. Cure, Judge <br><br> Trial Court Cause No. 53C01-1702-PL-257 |

**Bradford, Chief Judge.**

# Case Summary

[1] On February 3, 2017, Monroe County, Indiana, and the Monroe County Plan Commission (collectively, "the County") filed a complaint in the Monroe Circuit Court, seeking a monetary penalty against Boathouse Apartments, LLC ("Boathouse"), for alleged violations of certain Monroe County ordinances. Boathouse subsequently filed a Trial Rule 12(B)(1) motion to dismiss, arguing that the trial court did not have subject matter jurisdiction over the County's claims. The trial court granted Boathouse's motion to dismiss. Because we conclude that the trial court does have subject matter jurisdiction over the County's claims, we reverse and remand for further proceedings.

# Facts and Procedural History

[2] Boathouse owns three lots ("the Boathouse Property") within the Lakes Neighborhood Planned Unit Development in Bloomington. During 2016, Boathouse began a project to construct six buildings of townhome apartments on the Boathouse Property. In completing the project, Boathouse was required to comply with the use and occupancy requirements of the Monroe County Code of Ordinances ("the Monroe County Code").

[3] On February 3, 2017, the County filed a complaint seeking a monetary penalty against Boathouse, alleging that Boathouse had violated the use and occupancy requirements of the Monroe County Code. Specifically, the County alleged that Boathouse had permitted tenants to occupy the apartment units before a

land use certificate and certificate of occupancy were issued.  Boathouse answered and filed affirmative defenses to the complaint on April 4, 2017.

[4]     On October 14, 2019, Boathouse filed a Trial Rule 12(B)(1) motion to dismiss, claiming that the County had failed to comply with applicable ordinances in bringing its claims against Boathouse and "[t]his failure deprives the Court of subject matter jurisdiction over these claims."  Appellants' App. Vol. II p. 76. As such, Boathouse requested "that the Court grant its Motion to Dismiss because the Court lacks subject matter jurisdiction to hear [the County's] claims."  Appellants' App. Vol. II p. 76.  The County filed both a brief and a supplemental brief in opposition to Boathouse's motion to dismiss.  On January 6, 2020, the trial court, ruling on a paper record, issued an order granting Boathouse's motion and dismissing the County's lawsuit.

## Discussion and Decision

[5]     The County contends that the trial court erred in determining that it lacked subject matter jurisdiction over the County's claims.  Where, as here, the facts before the trial court are not in dispute, "the question of subject matter jurisdiction is purely one of law."  *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001).  "Under those circumstances no deference is afforded the trial court's conclusion because "appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law."  *Id.*  "Thus, we review de novo a trial court's ruling on

a motion to dismiss under Trial Rule 12(B)(1) where the facts before the trial court are undisputed." *Id.*

[6]
> Subject-matter jurisdiction is the constitutional or statutory power of a court to hear and determine cases of the general class to which any particular proceeding belongs. So, in determining whether a court has subject-matter jurisdiction, the only relevant inquiry is whether the petitioner's claim falls within the general scope of the authority conferred upon such court by the constitution or by statute.

*State v. Reinhart*, 112 N.E.3d 705, 711–12 (Ind. 2018) (internal quotations omitted). "Courts of general jurisdiction are presumed to have subject matter jurisdiction." *Lakes & Rivers Transfer, a Div. of Jack Gray v. Rudolph Robinson Steel Co.*, 736 N.E.2d 285, 290 (Ind. Ct. App. 2000). "All circuit courts have: (1) original and concurrent jurisdiction in all civil cases and in all criminal cases." Ind. Code § 33-28-1-2(a). "The Monroe circuit court is a court of general jurisdiction" and, as such, has the authority to maintain a civil docket. Ind. Code § 33-33-53-2(a).

[7] The County contends that statutory authority expressly confers subject matter jurisdiction over the County's claims against Boathouse to the trial court. For its part, Boathouse contends that the County's alleged failure to comply with local ordinances relating to enforcement of the Monroe County Code "deprives the trial court of subject matter jurisdiction" over the County's claims. Appellee's Br. p. 16. For the reasons stated below, we agree with the County.

"The Indiana General Assembly, through statutes, has both authorized local units of government to create ordinances and established the manner in which those ordinances are to be enforced." *Boss v. State*, 944 N.E.2d 16, 22 (Ind. Ct. App. 2011). In doing so, the General Assembly "specifically withheld from [local] units, however, the power to prescribe a penalty for conduct constituting" a violation of a local ordinance. *Id.* (internal quotation omitted). The General Assembly instead gave this power to the courts.

In support of its contention that the trial court did not have subject matter jurisdiction over the County's claims against it, Boathouse cites to the Indiana Supreme Court's opinion in *Ballman v. Duffecy*, 230 Ind. 220, 102 N.E.2d 646 (1952). In *Ballman*, the Supreme Court considered whether a failure to comply with certain statutes prior to filing suit divested the trial court of jurisdiction. The applicable statutes in effect at the time set forth certain prerequisites for seeking an appeal of a decision of a board of zoning appeals. 230 Ind. at 224, 102 N.E.2d at 647. Concluding that a party's failure to follow the statutory prerequisites prior to filing suit divested the trial court of jurisdiction over the case, the *Ballman* court held as follows:

> This court has heretofore said that a court in acquiring jurisdiction must not only have jurisdiction of the parties and the general subject of the controversy respecting real property, but must have jurisdiction of the subject matter of the particular case. A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case.

230 Ind. at 229, 102 N.E.2d at 650 (internal citations omitted).[1]

[10]     Boathouse asserts that the holding in *Ballman* supports its contention that the trial court did not have subject matter jurisdiction over the County's claims because the County failed to satisfy the requirements of certain local ordinances before filing its lawsuit.[2]  We disagree.  While a motion for dismissal under Trial Rule 12(B)(1) has been found appropriate where a party failed to satisfy a statutorily mandated prerequisites for filing suit, *see id.*, 230 Ind. at 229, 102 N.E.2d at 650; *In re Petition to Annex Approximately 7,806 Acres of Real Estate into City of Jeffersonville*, 891 N.E.2d 1157, 1163 (Ind. Ct. App. 2008), we have held that when the relevant statutes do not include any prerequisite for filing suit, a Trial Rule 12(B)(1) motion to dismiss is not the proper vehicle to bring a

---

[1]  Since *Ballman* was handed down, the Indiana Supreme Court has clarified the law relating to jurisdiction. In *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006), the Supreme Court clarified the law regarding jurisdiction, explaining as follows:

> Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs.  Personal jurisdiction requires that appropriate process be effected over the parties.…  Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

Citing to its opinion in *K.S.*, the Indiana Supreme Court observed "that 'jurisdiction over the particular case' is something of a misnomer and refers to failure to meet procedural requirements but does not constitute a limitation on subject matter jurisdiction in the sense that the court cannot hear cases of the same general class." *Packard v. Shoopman*, 852 N.E.2d 927, 929–30 (Ind. 2006).

[2]  Boathouse also cites to the Indiana Medical Malpractice Act ("MMA") in support of its claim that the trial court did not have jurisdiction over the County's case.  However, we agree with the County that the MMA is inapposite to this case.  The MMA, which sets forth the prerequisites for filing a medical malpractice claim, is a distinct statutory creation relating only to medical malpractice claims. *See* Ind. Code § 34-18-8-4.  No similar statutory scheme exists for enforcement of local ordinances such as those at issue in this case.

challenge to the suit. *Fight Against Brownsburg Annexation v. Town of Brownsburg*, 32 N.E.3d 798, 804–05 (Ind. Ct. App. 2015).

[11] The statutes at issue in this case do not contain any prerequisites for filing suit. Indiana Code section 36-1-6-4(a) provides, in relevant part, that a municipal corporation "may bring a civil action" if a person or entity "violates an ordinance regulating or prohibiting a condition or use of property." Further, Indiana Code sections 36-7-4-1013 and 36-7-4-1014 detail remedies for enforcement and allowable actions for violations of ordinances. Specifically, Indiana Code section 36-7-4-1013(a) provides that if, after conducting an investigation into an alleged violation of an ordinance, a municipal attorney or an attorney representing the county comes to the reasonable belief that an entity has violated an ordinance, "the municipal attorney or an attorney representing the county may file a complaint against the person and prosecute the alleged violation under IC 36-1-6." Indiana Code section 36-7-4-1014 provides as follows:

> (a) The plan commission, board of zoning appeals, or any enforcement official designated in the zoning ordinance may bring an action under IC 36-1-6 to enforce any ordinance adopted or action taken under this chapter.
>
> (b) The plan commission, board of zoning appeals, or any enforcement official designated in the zoning ordinance may also bring an action to enforce:
>
> > (1) conditions imposed by the commission or board of zoning appeals under this chapter; or

(2) covenants made in connection with a subdivision plat, a development plan, or a PUD district ordinance (as defined in section 1503 of this chapter).

**\*\*\*\***

(d) The plan commission, board of zoning appeals, or designated enforcement official may invoke any legal, equitable, or special remedy in an action described in subsection (a) or (b).

(e) An action for the levy of a fine or penalty for enforcement of a zoning ordinance may be brought in any court located within the jurisdiction of the plan commission or board of zoning appeals.

[12] The above-quoted statutory sections clearly indicate that actions such as that brought by the County, which seeks penalties for alleged violations of the certain County ordinances, may be brought in court, with Indiana Code section 36-7-4-1014 allowing for the action to be brought in "any court located within the jurisdiction." The statutes do not contain any prerequisites for filing suit in the trial court. As such, we conclude that Boathouse's reliance on the Indiana Supreme Court's holding in *Ballman* is misplaced as it is distinguishable from the instant matter.

[13] Furthermore, we agree with the County that the arguments set forth in Boathouse's motion to dismiss allege procedural, *i.e.*, legal, error. "Subject matter jurisdiction and legal error are distinct concepts." *Clark Cty. Bd. of Aviation Comm'rs v. Dreyer*, 986 N.E.2d 286, 287 (Ind. Ct. App. 3013), *trans. granted, opinion vacated*, 992 N.E.2d 207 (Ind. 2013), *and aff'd*, 993 N.E.2d 624 (Ind. 2013). "Procedural error doesn't rob the court of jurisdiction." *Reinhart*,

112 N.E.3d at 712. Stated differently, "[i]t goes without saying that a court's power to award relief and a claimant's entitlement to relief on the merits are very different things." *Price v. Ind. Dep't of Child Servs.*, 80 N.E.3d 170, 174 (Ind. 2017). "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process." *K.S.*, 849 N.E.2d at 542 (emphasis in original). "Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id.* "Indeed, as strongly suggested by the *K.S.* Court, practitioners and the judiciary, including ourselves, should stop using the phrase 'jurisdiction over a particular case,' rather than 'legal error.'" *Dreyer*, 986 N.E.2d at 291.

[14] Again, in its motion to dismiss, Boathouse alleged that the County failed to comply with applicable ordinances in bringing claims against Boathouse and "[t]his failure deprives the Court of subject matter jurisdiction over these claims." Appellants' App. Vol. II p. 76. However, contrary to Boathouse's claim, we have previously concluded that procedural error or the failure to follow statutory guidelines for initiating a particular action does not affect subject matter jurisdiction, so long as the action was filed in the proper court for such an action. *Blackman v. Gholson*, 46 N.E.3d 975, 979 (Ind. Ct. App. 2015) (citing *K.S.*, 849 N.E.2d 542 (providing a juvenile court's failure to follow all of the statutory procedures for initiating a delinquency petition did not affect either subject matter or personal jurisdiction, but was mere procedural error); *Town of Brownsburg*, 32 N.E.3d at 805 (holding alleged defect in annexation

remonstrance signatures did not affect subject matter jurisdiction of trial court to consider remonstrance petition)); *see also Prosecuting Attorney of Hendricks Cty. v. Hammer*, 92 N.E.3d 649, 652 (Ind. Ct. App. 2017) (providing that the question of whether a suspended driver petitions the proper court under the SDP statute is a "question of legal error, not jurisdictional error"). Thus, any procedural or legal error that may have been committed by the County would not deprive the trial court of subject matter jurisdiction.

[15] In sum, the trial court has subject matter jurisdiction over the County's claims against Boathouse. As such, we conclude that the trial court erred by granting Boathouse's Trial Rule 12(B)(1) motion to dismiss. We therefore remand the matter back to the trial court for further proceedings consistent with this decision.

[16] The judgment of the trial court is reversed, and the matter remanded for further proceedings.

Baker, J., and Pyle, J., concur.