## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2017, 11:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEYS FOR APPELLANTS

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Patricia C. McMath
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Brian J. Johnson
Danville, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Prosecuting Attorney of Hendricks County and Indiana Bureau of Motor Vehicles,

*Appellant-Respondent,*

v.

Randy L. Hammer,

*Appellee-Petitioner.*

December 29, 2017

Court of Appeals Case No.
32A01-1705- MI-1107

Appeal from the Hendricks Superior Court

The Honorable Stephenie LeMay-Luken, Judge

Trial Court Cause No.
32D05-1611-MI-230

**Mathias, Judge.**

[1] The Hendricks Superior Court granted Randy L. Hammer's ("Hammer") petition for specialized driving privileges. Approximately three months later, the Bureau of Motor Vehicles ("the BMV") filed a Trial Rule 60(B) motion to set aside the judgment arguing that the Hendricks Superior Court did not have jurisdiction to grant specialized driving privileges on a suspension arising from a habitual traffic violator conviction in the Morgan Superior Court. The trial court denied the motion to set aside, and the BMV appeals.

[2] Concluding that the Hendricks Superior Court has subject matter jurisdiction over the case and the alleged legal error should have been raised on direct appeal, we affirm the judgment of the trial court.

## Facts and Procedural History

[3] Hammer, a resident of Hendricks County, has a long history of traffic offenses and driving related convictions in both Hendricks County and Morgan County. In November 2016, Hammer had six active suspensions of his driving privileges. It is undisputed that the BMV imposed three of the six suspensions. The other three suspensions resulted from Hammer's convictions for operating a vehicle while his privileges were suspended because he is a habitual traffic violator. Two convictions occurred in Hendricks Superior Court, and one occurred in Morgan Superior Court.

[4] On November 22, 2016, Hammer filed a petition in Hendricks Superior Court requesting specialized driving privileges pursuant to Indiana Code section 9-30-16-3. Specifically, Hammer asked the court to stay his current suspensions to

allow him to drive to work and use his vehicle for work purposes. Appellant's App. p. 13.

[5] If a suspension is court-ordered, Indiana Code section 9-30-16-3 requires a petition for specialized driving privileges to be filed in the court that issued the suspension. If the suspension was administratively imposed by the BMV, Indiana Code section 9-30-16-4 requires the petition to be filed in the individual's county of residence.

[6] The Hendricks County Prosecutor appeared on behalf of the State and the BMV at the hearing held on the petition. During the hearing, the BMV objected only to Hammer's request with regard to the Morgan County conviction and resulting suspension of his driving privileges. The trial court indicated that it viewed the suspension arising from the Morgan County conviction as an administrative suspension. Tr. p. 5. The trial court granted the petition over the BMV's objection. And on January 18, 2017, Hammer was granted specialized driving privileges on all of his active suspensions. The court's order noted that Hammer's petition complied with the pleading requirements of Indiana Code section 9-30-16-4, and categorized his suspensions as administrative suspensions.

[7] Three months later, the BMV filed a Trial Rule 60(B) motion for relief from judgment. The BMV argued that only the Morgan Superior Court had authority to grant specialized driving privileges to Hammer for the suspension of his driving privileges imposed as a result of his Morgan County conviction for

operating after being adjudged a habitual traffic violator. Appellant's App. Vol. II, p. 17. The BMV also argued that a court of equal jurisdiction, in this case the Hendricks Superior Court, did not have authority to stay or modify an order of the Morgan Superior Court.[1] *Id*. at 19–20.

[8] The trial court denied the BMV's motion and issued the following order:

> The Court interprets the BMV's Motion for Relief from Judgment as a motion to correct error which the BMV is phrasing as a Motion for Relief from Judgment. The State of Indiana was represented in this matter. The time to file a motion to correct error has passed.

*Id*. at 6. The BMV now appeals.

## Discussion and Decision

[9] The BMV argues that the Hendricks Superior Court lacked "subject matter jurisdiction to stay, vacate, modify, or in any way control the execution of orders issued by another trial court of similar jurisdiction or equal rank." Appellant's Br. at 12–13. Consequently, the BMV contends that the Hendricks

---

[1] Although the BMV argued lack of subject matter jurisdiction in its motion, it cited to Indiana Trial Rule 60(B)(1), addressing mistake, surprise, or excusable neglect, 60(B)(2) addressing relief from a final judgment on any ground for a motion to correct error if the error could not be discovered within the time limits established in Trial Rule 59, and 60(B)(8) allowing relief from judgment for any reason justifying relief from the operation of the judgment. Trial Rule 60(B)(6), which was not cited in the BMV's motion, allows relief from judgment if the judgment is void. *See Clark v. State*, 727 N.E.2d 18, 20 (Ind. Ct. App. 2000) (explaining that a judgment made when the court lacks subject matter jurisdiction is void).

Superior Court's judgment granting specialized driving privileges on the suspension arising out of Morgan Superior Court is void.

[10] As we noted above, a petition for specialized driving privileges for a court-ordered suspension must be filed in the court that has "ordered or imposed a suspension of the individual's driving privileges." Ind. Code § 9-30-16-3. But if the suspension is administratively imposed by the BMV, the petition must be filed "in the county in which the individual resides."[2] Ind. Code § 9-30-16-4.

[11] Hammer referenced Indiana Code section 9-30-16-3 in his petition, and filed the petition in Hendricks County, even though one of the six suspensions was imposed following his conviction for felony operating while a habitual traffic violator in Morgan County. In this appeal, Hammer argues that even though the suspension was imposed as a result of his conviction, it is an administratively imposed suspension. And the trial court characterized all of Hammer's suspensions as administrative suspensions in its order granting Hammer specialized driving privileges and found that his petition complied with the requirements of Indiana Code section 9-30-16-4. Because this appeal can be resolved without considering whether a suspension imposed as a result of a felony conviction for operating while a habitual traffic violator is a court-

_____

[2] If the individual is not currently a resident of Indiana, the petition must be filed "in the county in which the individual's most recent Indiana moving violation judgment was entered against the individual." I.C. § 9-30-16-4.

ordered suspension or administratively imposed suspension, we leave that question for another day.

[12] The BMV failed to appeal the trial court's order granting Hammer specialized driving privileges. It seeks to avoid waiver by arguing that the trial court lacked subject matter jurisdiction to grant Hammer's petition on the suspension resulting from the Morgan County conviction. And now for the first time, the BMV argues that Hendricks County Superior Court No. 5 lacked jurisdiction to address Hammer's petition for the suspensions arising from convictions out of Hendricks Superior Courts Nos. 2 and 3.

[13] In *K.S. v. State*, 849 N.E.2d 538 (Ind. 2006), our supreme court clarified that only judgments issued by courts without subject matter jurisdiction are void and may be collaterally attacked. "For some time, Indiana has adhered to the rule that the judgment of a court 'having jurisdiction of the subject matter of the suit and of the person, however irregular, is not void and not impeachable collaterally, unless it may be for fraud.' . . . By contrast, a judgment rendered without jurisdiction may be collaterally attacked." *Id*. at 541 (quoting *Mishler v. County of Elkhart*, 544 N.E.2d 149, 151 (Ind. 1989)).

[14] "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000). Personal jurisdiction requires that appropriate process be effected over the parties. *K.S.,* 849 N.E.2d at 540. "Where these two exist, a court's decision may be set aside

for legal error only through direct appeal and not through collateral attack." *Id*. The Court observed that "[a]ttorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension" and that "[t]he fact that a trial court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction."[3] *Id*. at 541.

"[T]he subject matter jurisdiction of our courts is generally created by statute or constitutional provision[.]" *In re Adoption of J.T.D.*, 21 N.E.3d 824, 829 (Ind. 2014) (quoting *N. Ind. Commuter Transp. Dist. v. Chicago SouthShore and South Bend R.R.*, 685 N.E.2d 680, 695 (Ind. 1997)). The Hendricks Superior Court has "original and concurrent jurisdiction in all civil and in all criminal cases[.]" *See* Ind. Code § 33-29-1-1.5.

The Hendricks Superior Court has subject matter jurisdiction to adjudicate petitions for specialized driving privileges. Whether Hammer filed his petition in the proper court as provided in Indiana Code sections 9-30-16-3 and -4 is a question of legal error, not jurisdictional error. The BMV failed to appeal the trial court's judgment adjudicating Hammer's request for specialized driving privileges. Thus, the BMV forfeited its argument that the Hendricks Superior Court erred when it concluded that the suspensions were administrative, and therefore, properly before the court pursuant to Indiana Code section 9-30-16-4.

---

[3] Our supreme court explained that "[r]eal jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process." *K.S.,* 849 N.E.2d at 542.

*See* Ind. Appellate Rule 9(A) (stating that the right to appeal shall be forfeited if the notice of appeal is not timely filed).

[17] The BMV's Trial Rule 60(B) motion constitutes an improper collateral attack on the trial court's judgment, and we therefore conclude that the trial court properly denied the motion.

[18] Affirmed.

Vaidik, C.J., and Crone, J., concur.