## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 04 2020, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bart M. Betteau
Betteau Law Office, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Abshire
Aaron T. Craft
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy R. Sims,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Indiana Bureau of Motor Vehicles,<br>*Appellee-Respondent*. | August 4, 2020<br><br>Court of Appeals Case No.<br>19A-MI-2796<br><br>Appeal from the Floyd Superior Court<br><br>The Honorable James B. Hancock, Judge<br><br>Trial Court Cause No.<br>22D02-1904-MI-615 |

**Mathias, Judge.**

[1] The Floyd Superior Court granted specialized driving privileges ("SDP") to Jeremy R. Sims for a period in excess of what was then permitted under

Indiana Code section 9-30-16-3. Upon the court's grant of a motion to correct error filed by the Bureau of Motor Vehicles ("BMV"), the court amended its order. Sims's subsequent motion to correct error was denied after hearing. Sims now appeals and presents four issues for our review, which we consolidate and restate as whether the BMV is authorized to file a motion to correct error after specialized driving privileges are granted without objection by the prosecuting attorney.

We affirm.

## Facts and Procedural History

In April 2019, Sims filed a petition for SDP pursuant to Indiana Code section 9-30-16-3. His petition complied with the applicable statutory requirements, including that it named the BMV and the prosecuting attorney as parties. *See* I.C. § 9-30-16-3(b). The petition did not, however, specify a proposed expiration date for the requested SDP, and the chronological case summary indicates that a prosecuting attorney did not file an appearance. Appellant's App. p. 2. The trial court stayed Sims's driving suspension and granted his petition for SDP without hearing on June 6, 2019. The specialized driving privileges were to expire on December 11, 2028.

On July 8, 2019, the BMV, by the Attorney General, filed an appearance and submitted a motion to correct error, asserting that the trial court's order was contrary to law. Specifically, the BMV cited subsection (c) of the SDP statute,

which limits the duration of SDP when granted to two and one-half years.[1] The BMV sought an amendment to the court's order "to reflect [that the trial court] cannot grant Sims privileges past December 4, 2021." Appellant's App. p. 24. The trial court subsequently granted the BMV's motion and amended the expiration date of Sims's SDP from December 11, 2028, to December 4, 2021.

[5] Sims filed a motion to correct error on August 5, 2019. His motion did not dispute that Indiana Code § 9-30-16-3(c) limits the duration of SDP to two and one-half years. Rather, Sims alleged that the Attorney General is statutorily prohibited from appearing in the action on the BMV's behalf, based on the directive that "[a] prosecuting attorney shall appear on behalf of the bureau to respond to a petition filed under this subsection." I.C. § 9-30-16-3(b). Sims argued that "the BMV is estopped from arguing against the judgment which is not contested by the Prosecuting Attorney." Appellant's App. p. 29.

[6] The trial court set the matter for hearing, and following a hearing on October 21, 2019, the trial court denied Sims's motion to correct error.[2] The trial court's order read, in relevant part:

> 2. [T]he Attorney General's office can represent the Bureau of Motor Vehicles in this matter;

---

[1] Public Law 29-2020, Sec. 2, effective July 1, 2020, has since amended I.C. § 9-30-16-3. Subsection (c) now allows for SDP to be granted "for a period of time as determined by the court" and no longer imposes a two-and-one-half-year durational limit on specialized driving privileges.

[2] A transcript of the hearing on Sims's motion to correct error is not included in the record on appeal.

3. [T]he Court makes no ruling as to whether the Bureau of Motor Vehicles waived the application of the two and one-half year limitation because the Court has an obligation to follow the law and must apply the two and one-half year limitation.

*Id.* at 39.

[7] This appeal followed.

## Standard of Review

[8] Generally, rulings on motions to correct error are reviewed only for abuse of discretion in recognition of the trial court's "superior position to resolve disputed facts." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). Where, as here, a motion to correct error depends on a matter of statutory interpretation, we review the trial court's resolution of that question de novo. *Id.*

[9] In interpreting a statute, we first determine whether the legislature has spoken clearly and unambiguously on the point in question. *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 947 (Ind. 2001). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary and usual sense. *Poehlman v. Feferman*, 717 N.E.2d 578, 581 (Ind. 1999). It is only when a statute is susceptible to more than one interpretation that we deem it ambiguous and open to judicial construction. *Amoco Production Co. v. Laird*, 622 N.E.2d 912, 915 (Ind. 1993).

[10]     Sims's motion to correct error relied on the following provision of the law governing the availability of specialized driving privileges to Indiana drivers whose privileges have been suspended:

> (b) An individual who seeks specialized driving privileges must file a petition for specialized driving privileges in each court that has ordered or imposed a suspension of the individual's driving privileges. Each petition must:
>
>> (1) be verified by the petitioner;
>>
>> (2) state the petitioner's age, date of birth, and address;
>>
>> (3) state the grounds for relief and the relief sought;
>>
>> (4) be filed in the court case that resulted in the order of suspension; and
>>
>> (5) be served on the bureau and the prosecuting attorney.
>
> A prosecuting attorney shall appear on behalf of the bureau to respond to a petition filed under this subsection.

I.C. § 9-30-16-3.

[11]     Sims argues that the final provision of this subsection prohibits the Attorney General from contesting the trial court's judgment on the BMV's behalf, because "only" a prosecuting attorney may contest the trial court's judgment in SDP cases. Appellant's Br. at 7. The BMV counters that nothing in the statute

prohibits the BMV from filing a motion to correct error in such cases. Furthermore, because the statute requires petitions for specialized driving privileges to name both the BMV and the prosecuting attorney as parties to the case, the BMV argues that its post-judgment appearance is proper and that filing a motion to intervene is unnecessary.

[12] First, we reject Sims's contention that the BMV is a "third party" to this action thus obligated to file a petition to intervene before it can be heard.[3] Appellant's Br. at 8. Sims's petition for specialized driving privileges complied with Indiana Code section 9-30-16-3(b)(5), which clearly and unambiguously requires petitions for SDP to be served on the BMV. Accordingly, the BMV was a party to this case from its inception and may be heard without filing a motion to intervene.

[13] Second, in its order denying Sims's motion to correct error, the trial court held that the Attorney General's representation of the BMV in the matter was proper. Appellant's App. p. 39. Clear and unambiguous statutory authority supports this conclusion, too. Indiana Code section 9-30-16-3(b) directs prosecutors to appear on the BMV's behalf in cases involving petitions for specialized driving privileges; the statute does not restrain the Attorney General

---

[3] The BMV correctly notes that Sims raises this issue for the first time on appeal and thus has waived it for our review. *See, e.g., In re N.G.*, 51 N.E.3d 1167, 1173 (Ind. 2016). We are unable to conduct a meaningful de novo review of the trial court's denial of Sims's motion to correct error, however, without addressing the BMV's role in these cases, that is to say, as the administrative agency tasked with ensuring compliance with the law governing SDP in Indiana. Furthermore, this issue is likely to recur, and so we proceed to address the argument on its merits, waiver notwithstanding.

from doing the same. *Indiana Bureau of Motor Vehicles v. McClung*, 138 N.E.3d 303, 307 (Ind. Ct. App. 2019) (noting that the prosecutor appeared on the BMV's behalf in a petition for SDP); *Prosecuting Attorney v. Hammer*, 92 N.E.3d 649, 650 (Ind. Ct. App. 2017) (noting that the prosecutor appeared on the State's and the BMV's behalf in a petition for SDP).

[14] Furthermore, Indiana Code section 4-6-1-6 provides that the Attorney General may "represent the state in any matter involving the rights or interests of the state. . . for which provision is not otherwise made by law." Because the BMV is the state administrative agency responsible for ensuring compliance with Indiana laws that govern motor vehicles and the licensing of drivers, the Attorney General is charged to defend the BMV "in order to fulfill [its] duty to protect the State's interests." *State ex rel. Sendak v. Marion County Superior Court, Room No. 2*, 373 N.E.2d 145, 148 (1978). As is discussed, *infra*, the trial court's initial order granting Sims's petition for SDP was contrary to law; accordingly, the Attorney General's appearance on behalf of the state agency charged with ensuring compliance with the law was entirely proper.

[15] Nevertheless, Sims contends that the BMV is estopped from seeking an amendment to the trial court's order because when the Attorney General filed an appearance on the BMV's behalf, it was acting under the guise of a different governmental entity. Sims proposes that the BMV's motion to correct error is an attack by one state agent (the BMV) against a judgment that was obtained with another state agent (the prosecuting attorney). Appellant's Br. at 8 (citing *Becker v. State*, 992 N.E.2d 697 (Ind. 2013)). Again, the plain and ordinary

meaning of the statutory provision at issue belies Sims's claim: in petitions for specialized driving privileges, the law directs a prosecuting attorney to "*appear on behalf of the bureau.*" I.C. § 9-30-16-3(b) (emphasis added).

[16]     Finally, we pick up where the trial court left off and hold that the BMV does not "waive" its ability to file a motion to correct error following a grant of specialized driving privileges that is contrary to law. *See* Appellant's App. p. 29. Sims argues that a "two-tier litigation process" resulted when the BMV filed a motion to correct error after the trial court issued its order without objection from the prosecuting attorney. Appellant's Br. at 7. In his view, the BMV "overrule[d]" the prosecuting attorney's decision by lodging "its own independent objection" to the issuance of specialized driving privileges. *Id.*

[17]     This court recently explained in *McClung* that filing a motion to correct error is the BMV's "appropriate course of action" after a trial court enters an order for SDP that the BMV believes is contrary to law. 138 N.E.3d at 307. Here, when Sims's petition was before the trial court, no objection was raised because the BMV did not then—and does not now—object to a stay of Sims's driving suspension and issuance of specialized driving privileges to him. *See* Appellant's App. p. 15 (trial court order stating "Prosecuting Attorney does not object to the granting of Specialized Driving Privileges"). Rather, the BMV objects to grants of specialized driving privileges that exceed the statutory two-and-one-half-year cap, as Sims's did. Accordingly, pursuant to Ind. Trial Rule 59, the BMV properly sought an amendment to the trial court's order by filing a motion to correct error after the order was entered and the durational error

became known. The trial court did not err when it granted the BMV's motion to correct error and amended its order issuing specialized driving privileges to Sims to ensure that the duration of those privileges complied with the applicable law.

## Conclusion

[18] Because the trial court's initial grant of specialized driving privileges to Sims was contrary to law, the BMV properly filed a motion to correct the error in the trial court's judgment, and the trial court duly amended the duration of Sims's specialized driving privileges. There was no error in the trial court's subsequent denial of Sims's motion to correct error because the BMV is statutorily authorized to seek amendment to orders for SDP that are contrary to law.

[19] Affirmed.

Riley, J., and Tavitas, J., concur.